**Terry D. HAY, Appellant,**

v.

**Danah S. HAY, Appellee.**

**No. 39A04–9910–CV–459.**

Court of Appeals of Indiana.

June 26, 2000.

Joseph A. Colussi, Madison, Indiana, Attorney for Appellant.

Anthony J. Castor, Madison, Indiana, Attorney for Appellee.

## OPINION

VAIDIK, Judge

Terry D. Hay appeals the trial court's order denying his petition for modification of child support. Terry argues that, despite an agreement between him and his former wife, Danah, to provide basic child support and college expenses, his child support obligation is modifiable under INDIANA CODE § 31–16–8–1. He contends that the trial court erred by relying on contract law in denying his petition. Terry asserts that the following changes in circumstances require the court to modify his support obligation: 1) the enrollment of his daughter, J.H., in college, and 2) Danah's increase in income. Terry also argues that he is entitled to a modification of support because he is paying child support in an amount that differs by more than twenty percent from the amount he would be ordered to pay under the child support guidelines. We conclude that Terry has failed to show a substantial change in circumstances so as to make the terms of support unreasonable. Further, when a parent has agreed to a support obligation greater than that required by the guidelines, he must show a change in circumstances in addition to the twenty percent deviation. Therefore, absent a change in circumstances, Terry was not entitled to a modification of child support. However, Terry is entitled to the benefit of J.H.'s scholarship toward tuition. Terry may also be entitled to partial abatement of child support for the time J.H. is away at college. Therefore, we affirm in part and remand for further proceedings consistent with this opinion.

### Facts and Procedural History

Terry and Danah Hay were married on February 4, 1978. Two children were born of the marriage: J.H., born March 22, 1981, and K.H., born January 8, 1988. The marriage was dissolved by Summary Decree of Dissolution on December 6, 1994. The dissolution decree approved

and incorporated the Hays' Custody of Children, Child Support and Property Settlement Agreement. Under the agreement, the Hays established a joint custody arrangement with Terry having primary physical custody of J.H., and Danah having primary physical custody of K.H. Terry agreed to 1) pay Danah weekly child support in the amount of $50, 2) carry medical insurance on the children, 3) pay all uninsured medical bills of the children, and 4) pay for the college education of the children. The college expense paragraph provided as follows:

> Terry Hay shall pay for post high school education at a state supported trade school or college for the parties['] children. This shall include tuition, room and board, books, supplies, laboratory fees, activity fees, travel expense and incidental expenses. Terry Hay shall not however be responsible for a private college education of the children.

Record at 12. The children were 13 and 6 at the time of the agreement.

On October 16, 1996, the Jefferson Circuit Court modified the decree of dissolution pursuant to the parties' agreement. Under the order, Danah was granted primary physical custody of J.H., and Terry's weekly support obligation was increased to $125. Terry's obligation to pay uninsured medical expenses continued until Danah obtained primary medical insurance through her employer. At that time, Terry was responsible for 54% of the uninsured medical expenses and Danah was responsible for 46%.

On July 30, 1999, Terry filed a petition to modify alleging that:

> 4. [J.H.] has expressed her intention to attend Vincennes University beginning in August of 1999. Upon the entry of [J.H.] into post high school education an order is required of the Court modifying child support for [K.H.] and making provision for payment of the post secondary education of [J.H.] in accordance with the Indiana Post–Secondary Education

worksheet promulgated by the Indiana Supreme Court.

> 5. A substantial change in circumstances has occurred requiring the modification of support and payment of college education expenses.

Record at 57–58. At the hearing on the petition, Terry argued that J.H.'s intent to enroll in college was a substantial change in circumstances justifying modification of his child support obligation. Terry argued that he could not have known what the actual school costs were until his daughter enrolled in college and, therefore, the court should modify the order requiring him to pay all of the college expenses.

On September 3, 1999, the court denied Terry's petition for a reduction in child support. The court stated that the sole issue before it was whether the college expense paragraph could be modified. The court concluded that modification was not appropriate and ordered Terry to comply with the terms of the agreement and reimburse Danah for any payments made toward J.H.'s college education. This appeal now ensues.

## Discussion and Decision

### I. Modification of Child Support Order Entered Pursuant to an Agreement

■ First, Terry contends that the trial court erred in denying his petition under principles of contract law. Terry asserts that under IND.CODE § 31–16–8–1, child support obligations are modifiable whether they are court ordered or the result of parties' agreements. *See Meehan v. Meehan,* 425 N.E.2d 157, 160 (Ind.1981) ("[T]he fact that a child support order has been entered pursuant to the terms of a settlement agreement, even where, as here, it is intended as forever determinative by the parties, is of no consequence to the question whether the order should subsequently be modified.").

■ We agree with Terry that child support orders are modifiable. Further, provisions for the payment of college expenses are also modifiable, as college ex-

penses are in the nature of child support. *See DeBoer v. DeBoer*, 669 N.E.2d 415, 422, 423 (Ind.Ct.App.1996) ("Although modifiable by the trial court, parties to a dissolution are also free to include a provision for payment of college expenses within their settlement agreement."), *trans. denied; Martin v. Martin*, 495 N.E.2d 523, 525 (Ind.1986) (stating that "[b]ecause IND. CODE § [31–16–8–1] expressly permits modification of 'an order with respect to child support,'" educational support orders are also modifiable); *In re Marriage of Loffredi*, 232 Ill.App.3d 709, 173 Ill.Dec. 933, 597 N.E.2d 907, 909 (1992) ("We conclude that a provision for the payment of a child's college expenses is a 'matter pertaining to children' and in the nature of child support.").

■ Although Terry correctly states the law, it does not appear from the record that the trial court relied on contract law in making its decision in this case. In denying Terry's petition for modification, the trial court stated:

> The parties agree that the only factual change in circumstance that is claimed is that the daughter of the parties is going to college. The Petitioner's desire is to modify the [college expenses] paragraph to comply with the post-dissolution adopted child support guidelines as it relates to post-secondary education. The Respondent wishes to have the agreement enforced as written. Her position is that it is either as [sic] a contractual obligation of the Petitioner or, because post-secondary education is not a matter that, by itself, gives rise to a change in circumstances in this case, since the matter was anticipated, agreed between the parties, and approved by the Court at an earlier time.
>
> And the Court, having heard arguments of counsel and taken the matter

under advisement, now finds that the paragraph should be enforced by the Court as previously agreed between the parties.

Record at 64. During the hearing, both Terry and Danah's counsel acknowledged that the child support order was modifiable.[1] Thus, although the trial court did not specifically state its reasons for denying Terry's petition, we do not believe the trial court improperly relied on contract law. The child support order is modifiable and Terry is entitled to modification if he satisfies the requirements of IND.CODE § 31–16–8–1.

### II. Change in Circumstances

■ On appeal from the denial of a petition to modify, we review the trial court's decision under the clearly erroneous standard. *Beardsley v. Heazlitt*, 654 N.E.2d 1178, 1180 (Ind.Ct.App.1995), *reh'g denied.* We will reverse a decision regarding modification of child support only where it is clearly against the logic and effect of the facts and circumstances that were before the trial court. *Id.* Child support awards may be modified only:

(1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or

(2) upon a showing that:

(A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and

(B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.

IND.CODE § 31–16–8–1. On appeal, we do not weigh the evidence or judge the credibility of the witnesses but, rather, consider

---

1. Terry's attorney stated: "[S]upport [for college expenses], like all other support, is modifiable...." Record at 77. Danah's attorney agreed, stating: "[E]ven if the Court finds that the paragraph in controversy here provides for 100 percent payment by Mr. Hay that the Court nevertheless does still have power and the authority to modify the ... agreement under our statute case law...." Record at 77–78.

only that evidence most favorable to the judgment, together with the reasonable inferences which can be drawn therefrom. *Bower v. Bower,* 697 N.E.2d 110, 113 (Ind. Ct.App.1998). The petitioner bears the burden of proving a substantial change in circumstances justifying modification. *Weiss v. Frick,* 693 N.E.2d 588, 590 (Ind. Ct.App.1998), *trans. denied.*

Terry contends that he has shown a substantial change in circumstances entitling him to a modification of support. First, he asserts that his daughter's decision to enroll in college is a change in circumstances. Second, he contends that Danah's increase in income is a change in circumstances. We will address each claim in turn.

### A. College Enrollment

■ Terry argues that the enrollment of a child in a post-secondary education program is a substantial change in circumstances justifying a modification of support. Appellant's Br. at 19. This is true where the parties have not made provision for college expenses or have been unable to reach an agreement. In such cases, the trial court may require the parents to pay such expenses upon a petition to modify a support order. *See Giselbach v. Giselbach,* 481 N.E.2d 131, 133 (Ind.Ct. App.1985). In doing so, the court will consider the child's aptitude and ability as well as the parties' respective financial positions. Ind. Child Support Guideline 3(E)3, commentary 3(b).

■ However, where the parties have agreed and the child support order provides for payment of college expenses, the mere fact that a child actually enrolls in college is not a change in circumstances as such enrollment was contemplated by the parties. *See* I.C. § 31–16–8–1 (providing that modification requires a substantial *change* in circumstances). Here, the fact that J.H. would go to college was specifically contemplated by the parties as evidenced by Terry's agreement to pay for college. That J.H. has actually enrolled does not change the circumstances under which Terry obligated himself to pay her college expenses. The court need not modify support in accordance with the computation based on the guidelines if the change in circumstances was contemplated at the time of the existing child support order.

■ Terry further argues that he could not have known the cost of his daughter's education at the time the order was entered and, therefore, he is entitled to modification now. This argument is equally unpersuasive. Parents can agree to pay more than a court has the power to order. *Schueneman v. Schueneman,* 591 N.E.2d 603, 611 (Ind.Ct.App.1992) (noting that "the parties to a divorce are free to agree to the custody and support of their children, ... even though the trial court may not have the authority to order the parties to do as they agree"). Terry has not shown that he is financially unable to pay the costs of J.H.'s college education. Rather, he merely argues that Danah should be required to contribute to the college expenses. We note that Terry could have agreed to pay a portion of his daughters' college expenses based on the parties' respective incomes, but he chose to obligate himself for all of his daughters' college expenses. Absent a substantial change of circumstances, Terry is obligated to perform as the agreement requires.

### B. Danah's Increase in Income

■ Terry also contends that he is entitled to a reduction in support because Danah's income has increased since the initial support order was entered. Initially, we note that Terry has waived this argument on appeal as he failed to raise this theory in the trial court. "A party may not advance a theory on appeal which was not originally raised at the trial court." *Van Meter v. Zimmer,* 697 N.E.2d 1281, 1283 (Ind.Ct.App.1998).

■ Notwithstanding waiver, Terry's argument is unavailing. Terry has failed to produce evidence to demonstrate a

change in Danah's income. Terry merely states that Danah's income has increased to near equality with his income.[2] Appellant's Br. at 16. Without evidence demonstrating a significant increase in Danah's income, we are unable to determine that a substantial change in circumstances has occurred. *See Vore v. Vore,* 563 N.E.2d 154, 158 (Ind.Ct.App.1990) (Buchanan, J., concurring in part and dissenting in part) (noting that while evidence of both parties' current incomes had been introduced, petitioner failed to introduce evidence of the parties' incomes at the time of dissolution; thus, petitioner failed to show a change in income), *aff'd,* 573 N.E.2d 397 (Ind.1991).

■ Moreover, in determining whether a support order should be modified, the court considers, among other factors, the relative financial positions of the parties. *See Vore v. Vore,* 573 N.E.2d 397 (Ind.1991). Although Terry has failed to present evidence of the parties' incomes, based on a review of the record, it appears the relative income of the parties has not substantially changed. In an earlier modification proceeding, the court ordered Terry to pay 54% of uninsured medical costs and Danah to pay 46%. Uninsured health expenses are generally divided based on the parties' proportionate incomes. Child Supp. G. 3(E)2, commentary 2(b). In his child support worksheet presented in support of the petition now on review, Terry contends that Danah's income is now 47% and his is 53% of the parties' gross adjusted income. We fail to see how a one percent differential is a substantial change in circumstances. Thus, Terry has failed to show a substantial change in circumstances justifying modification of the child support order.

## III. Twenty Percent Deviation

■ Finally, Terry argues that he is entitled to a modification of support because he is paying twenty percent more than would be required under the guidelines. I.C. § 31–16–8–1(2). Terry contends his weekly child support obligation should be $120 for both children and his weekly educational support obligation for J.H. should be $57 under the guidelines, with a total weekly obligation of $177.[3] Based upon the child support order, Terry must pay $125 in child support for both children and all of the college expenses for J.H.,[4] making his weekly support obligation approximately $288. Again, Terry has waived this argument on appeal for failure to present it to the trial court. *See Van Meter,* 697 N.E.2d at 1283.

■ Waiver notwithstanding, however, Terry's argument is unavailing. While we recognize the plain language of the statute would permit modification under these circumstances, we find it difficult to believe that the legislature intended to permit a child support agreement to be so easily circumvented by virtue of the differential in the support obligation amounts where there was not a change of circumstances independent from that provided by IND. CODE § 31–16–8–1(2). To reduce support on this basis alone vitiates the agreement of the parties and runs contrary to the public policy of encouraging parties to agree on matters of child custody and support. *See* IND.CODE § 31–15–2–17(a)(3) ("To promote the amicable settlements of disputes that have arisen or may arise between the parties to a marriage attendant upon the dissolution of their marriage,

2. "The income of mother had increased to near equality with father's income during the five years between 1994 and 1999. In 1994, father's income was significantly greater than mother's income.... In 1999, father's income was not significantly greater than mother's income. Father had weekly income of $747.00. Mother had weekly income of $661.00.... Father's income was 53 percent of the total income of the parties and mother's was 47 percent." Appellant's Br. at 16.

3. The figures presented by Terry are based upon a proportionate contribution by both parents to child support and college expenses.

4. Based on the figures presented in Terry's post-secondary education worksheet, Terry's obligation for J.H.'s college expenses is $156. Record at 61.

the parties may agree in writing to provisions for: ... (3) the custody and support of the children of the parties."); *Clark v. Madden,* 725 N.E.2d 100, 106 (Ind.Ct.App. 2000) ("[W]e encourage parents to come to agreements for educational expenses as soon as possible."); *Mundon v. Mundon,* 703 N.E.2d 1130, 1134 (Ind.Ct.App.1999) ("Indiana law 'expressly encourages' divorcing spouses to reach such agreements.").

■ Rather, we agree with Danah that when a parent has agreed to pay support in excess of the guidelines and which could not be ordered by a trial court, that parent must show a substantial change in circumstances independent of the twenty percent deviation to justify modification. *See Flannery v. Flannery,* 950 P.2d 126, 132 (Alaska 1997) (stating that when a party agrees to pay an amount in excess of that required by statute, the 15% deviation rule is inapplicable), *reh'g denied; Knight v. Knight,* 702 So.2d 242, 244–45 (Fla.Dist.Ct. App.1997) (holding that absent an independent change in circumstances such as an inability to pay, a support order will not be modified solely on the basis that the amount agreed to exceeds the amount payable under the guidelines); *Smith v. Collins,* 107 Ohio App.3d 100, 105, 667 N.E.2d 1236, 1239 (1995) (holding that "when a party voluntarily agrees to a child support obligation which exceeds the statutory support schedule by more than ten percent, that party must show a substantial change of circumstances beyond the statutory ten percent deviation before the trial court may modify the support obligation"). We agree with the holding of the Florida court in *Knight* that "a more reasonable interpretation of this section ... is that a change of circumstances independent of [I.C. § 31–16–8–1] is required and that this section was intended only to provide one simplified means of establishing that such change was substantial." *Knight,* 702 So.2d at 245; *see also Flannery,* 950 P.2d at 132 (noting that the 15% rule can demonstrate materiality, but is not a definition of what constitutes a change of circumstances).

■ Here, Terry agreed to pay all of his daughters' college expenses at a public institution. Thus, he must show a change of circumstances independent of the deviation. As discussed above, Terry failed to meet this burden. Terry has not shown that his income has decreased making him unable to pay the college expenses or that Danah's income has significantly increased making the terms of the agreement unreasonable. Thus, the trial court did not err in denying Terry's petition for modification.

■ However, Terry is entitled to the benefit of J.H.'s scholarship. As this court held in *Best v. Best,* " 'tuition,' unless otherwise defined by the trial court in its order of payment, means tuition fees less financial aid or scholarships received by the student." 470 N.E.2d 84, 87 (Ind.Ct. App.1984). Thus, Terry is responsible for J.H.'s tuition less the $250 scholarship, as well as room and board, books, fees, and other expenses as provided in the agreement.

■ Terry also contends he is entitled to an abatement of support for J.H. for the time that J.H. is away at college as he is responsible for paying for her room and board at college. IND.CODE § 31–16–6–2(b) provides:

> If the court orders support for a child's educational expenses at an institution of higher learning ..., the court shall reduce other child support for that child that:
>
> (1) is duplicated by the educational support order; and
>
> (2) would otherwise be paid to the custodial parent.

The trial court must consider full or partial abatement of a parent's basic child support obligation where the parent is also obligated to pay a portion of the child's college expenses in addition to child support. This avoids the duplication of payment for a single expense, resulting in a windfall to the custodial parent. *Sterrett v. Hartzell,* 640 N.E.2d 74, 79 (Ind.Ct.App.1994). Terry's child support obligation was $125 when both children were living at home.

Terry is now responsible for the cost of J.H.'s room and board while living at college, and his child support obligation remains unchanged. The trial court should consider partial abatement of Terry's child support obligation. We note, however, that Terry's calculations indicate he would be obligated to pay $120 in child support under the guidelines. Thus, excluding his obligation for college expenses, Terry's current child support obligation is approximately the same as required by the guidelines.[5]

Judgment affirmed in part and remanded for proceedings consistent with this opinion.

SULLIVAN, J., and BAILEY, J., concur.

---

**5.** Under the child support order as modified in October 1996, Terry pays $125 in support for both J.H. and K.H. Record at 18. Based on his worksheet, Terry would be obligated to pay $120 in child support for both children under the guidelines. Record at 60.