**Kerry REINHART, Appellant–Respondent,**

v.

**Kelli REINHART, Appellee–Petitioner.**

No. 36A01–1006–DR–276.

Court of Appeals of Indiana.

Dec. 8, 2010.

Travis J. Thompson, Farrow & Thompson, P.C., Seymour, IN, Attorney for Appellant.

R. Patrick Magrath, Alcorn Goering & Sage, LLP, Madison, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Kerry Reinhart ("Father") appeals the trial court's order denying his motion to modify child support ordered pursuant to a decree dissolving his marriage to Kelli Reinhart ("Mother"). We consider two issues on review:

1. Whether the trial court applied an incorrect legal standard when deciding Father's petition to modify child support.

2. Whether the trial court abused its discretion when it denied Father's request to modify child support.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On October 17, 2008, Mother filed a petition to dissolve her marriage to Father. Pursuant to a trial court order, the parties, pro se, participated in mediation. As a result of mediation, the parties entered into a Settlement Agreement ("Agreement"), which was filed with their waiver of final hearing. The Agreement provides, in relevant part:

**Custody:** The parties shall share joint legal and physical custody of the children.

\*     \*     \*

**Parenting Time:** The children will spend four days per week with the mother and three days per week with the father[.] Holiday parenting time shall be at all reasonable and proper times agreeable to the parties. Where the parties are unable to agree, holiday parenting time shall be controlled by the Indiana Parenting Time Guidelines. . . .

**Child Support:** The father shall pay the mortgage, taxes and insurance on the house as an element of child support for a period of five years. Thereafter, the parties shall petition the court to figure monthly child support if necessary. *Said monthly payment is in excess of the amount that would be required under the Indiana Child Support Guidelines.* The parties stipulate that this amount is in substantial compliance with the Indiana Child Support Guidelines.

\*     \*     \*

**Real Estate:** The parties own a certain tract of real estate [the marital residence] in Seymour, Indiana. . . . As of the date of the decree, the real estate shall become the sole and individual property of wife. Husband will execute and deliver to wife a Quitclaim Deed, subject to all encumbrances, including mortgages and real estate taxes. Husband shall pay the monthly mortgage payment, taxes and insurance for a period of five years on [sic] until wife refinances the mortgage debt into her sole name, whichever is sooner. Said payment is in lieu of child support. Wife will refinance the mortgage debt in her sole name within five years of the date of this agreement. Once wife refinances the mortgage debt, she shall be responsible for all mortgages[,] taxes and insurance thereafter. Wife will pay all utilities and hold husband harmless therefrom.

\*     \*     \*

**Modification:** No attempt to modify any of the terms of this agreement shall be valid . . . unless in writing, signed by the parties and approved by the Court.

Appellant's App. at 8–10 (emphasis added). On January 2, 2009, the court entered a decree dissolving the parties' marriage ("Decree"), which incorporated the Agreement.

On January 11, 2010, Father filed a petition to modify child support. In that petition, he alleged a substantial change in circumstances based in part on the fact that the child support obligation in the Decree differs by more than twenty percent from the amount set by the Indiana Child Support Guidelines ("Guidelines"). Following an evidentiary hearing on February 18, the court denied Father's petition.

On March 16, Father filed a motion to correct error, and on March 18, the court ordered the parties to submit evidence of who receives the mortgage interest tax deduction. On April 29, the trial court held an evidentiary hearing on the motion to correct error. The court took the matter under advisement, and then, on May 11, entered an order denying the motion. Father now appeals.

## DISCUSSION AND DECISION

### Issue One: Legal Standard

    Father contends that the trial court applied an incorrect legal standard when it denied his petition to modify child support. In particular, he argues that the trial court ignored the plain language of the statute governing the modification of child support. As such, Father frames the issue as

a question of statutory construction. But we need not construe the statute. We conclude that Father may not take advantage of his own error, if any, in agreeing to a support amount greater than that provided by the Guidelines.

The modification of child support orders is controlled by Indiana Code Section 31-16-8-1. That statute provides, in relevant part:

> Provisions of an order with respect to child support ... may be modified or revoked.... Modification may be made only:
>
> (1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or
>
> (2) upon a showing that:
>
>   (A) a party has been ordered to pay an amount in child support that differs by more than twenty percent ·(20%) from the amount that would be ordered by applying the child support guidelines; and
>
>   (B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was set.

Ind.Code § 31-16-8-1.

Indiana Code Section 31-16-8-1 sets out alternative methods of seeking modification—compliance with Subsection (1) or, in the alternative, compliance with Subsection (2). In support of his motion to modify support, Father argued both a substantial change in circumstances, under Subsection (1), as well as a twenty-percent differential from the Guideline support amount in a request filed more than one year after the prior order, under Subsection (2). On appeal Father argues that he was required to demonstrate only one of these alternatives

to qualify for a modification of child support and that he met his burden by showing that the existing support order is more than one year old and differs by more than twenty percent from the Guideline support amount. Relying on *Hay v. Hay,* 730 N.E.2d 787 (Ind.Ct.App.2000), Mother counters that, under either subsection, Father was required to show a substantial change in circumstances because he seeks modification from a support order entered pursuant to a mediated agreement.[1] We agree with Mother.

■ Under the invited error doctrine, a party may not take advantage of an error that he commits, invites, or which is the natural consequence of his own neglect or misconduct. *See Baugh v. State,* 933 N.E.2d 1277, 1280 (Ind.2010). That doctrine is grounded on estoppel. *Wright v. State,* 828 N.E.2d 904, 907 (Ind.2005). Here, Father agreed to pay as child support the mortgage, insurance, and taxes on Wife's home. In the Agreement, Father acknowledged that "this amount is in substantial compliance with the Indiana Child Support Guidelines." Appellant's App. at 9.

Father does not contend that he was unaware that the support amount he agreed to pay exceeded the guideline amount. Thus, he cannot now be heard to complain that support should be modified because the amount he agreed to pay differs by more than twenty percent from the guideline amount. That is not to say that Father may never petition for modification of child support. Rather, because he agreed to the support amount, Father may demonstrate grounds for modification only if he can show a substantial and continuing change in circumstances.

---

1. Mother does not dispute that at least twelve months have passed since the date of the last child support order or that the current support order differs by more than twenty percent from the Guideline amount.

Our reasoning is in keeping with this court's decision in *Hay*. There, the parties' dissolution decree approved and incorporated a settlement agreement regarding custody, child support, and property settlement. In that agreement, the father had agreed to pay $50 weekly in child support, to carry medical insurance on the children, to pay all uninsured medical bills of the children, and to pay for the children's college educations. Eight years later, on October 16, 1996, the court modified the decree pursuant to the parties' agreement to increase the father's weekly support amount to $125, to require the mother to obtain medical insurance, and to divide the children's uninsured medical bills between the parties. Then, on July 30, 1999, the father filed a petition to modify child support, alleging that the intent of one child to enroll in college constituted a substantial change in circumstances and that the agreed support order differed by more than twenty percent from the guideline amount.

The trial court denied the father's petition to modify child support and, on appeal, we affirmed. *Id.* at 796. On the issue of modification based on the fact that the support amount differed by more than twenty percent from the guideline amount, this court reasoned:

> [The father's] argument is unavailing. While we recognize the plain language of the statute would permit modification under these circumstances, we find it difficult to believe that the legislature intended to permit a child support agreement to be so easily circumvented by virtue of the differential in the support obligation amounts where there was not a change of circumstances independent from that provided by [Indiana Code Section] 31–16–8–1(2). To reduce support on this basis alone vitiates the agreement of the parties and runs contrary to the public policy of encouraging

parties to agree on matters of child custody and support. *See* Ind.Code § 31–15–2–17–(a)(3) ("To promote the amicable settlements of disputes that have arisen or may arise between the parties to a marriage attendant upon the dissolution of their marriage, the parties may agree in writing to provisions for: ... (3) the custody and support of the children of the parties."); *Clark v. Madden*, 725 N.E.2d 100, 106 (Ind.Ct.App.2000) ("[W]e encourage parents to come to agreements for educational expenses as soon as possible."); *Mundon v. Mundon*, 703 N.E.2d 1130, 1134 (Ind.Ct.App. 1999) ("Indiana law 'expressly encourages' divorcing spouses to reach such agreements.").

Rather, we agree with [the mother] that when a parent has agreed to pay support in excess of the guidelines and which could not be ordered by a trial court, that parent must show a substantial change in circumstances independent of the twenty percent deviation to justify modification. *See Flannery v. Flannery*, 950 P.2d 126, 132 (Alaska 1997) (stating that when a party agrees to pay an amount in excess of that required by statute, the 15% deviation rule is inapplicable), *reh'g denied; Knight v. Knight*, 702 So.2d 242, 244–45 (Fla.Dist. Ct.App.1997) (holding that absent an independent change in circumstances such as an inability to pay, a support order will not be modified solely on the basis that the amount agreed to exceeds the amount payable under the guidelines); *Smith v. Collins*, 107 Ohio App.3d 100, 105, 667 N.E.2d 1236, 1239 (1995) (holding that "when a party voluntarily agrees to a child support obligation which exceeds the statutory support schedule by more than ten percent, that party must show a substantial change of circumstances beyond the statutory ten

percent deviation before the trial court may modify the support obligation"). We agree with the holding of the Florida court in *Knight* that "a more reasonable interpretation of this section . . . is that a change of circumstances independent of [Indiana Code Section 31–16–8–1] is required and that this section was intended only to provide one simplified means of establishing that such change was substantial." *Knight*, 702 So.2d at 245; *see also Flannery*, 950 P.2d at 132 (noting that the 15% rule can demonstrate materiality, but is not a definition of what constitutes a change of circumstances).

*Hay*, 730 N.E.2d at 794–95. Because the father in *Hay* had not demonstrated a substantial change in circumstances independent of the twenty-percent differential between the ordered and the guideline amounts, this court held that the trial court "did not err in denying [his] petition for modification."[2] *Id.* at 795.

Here, Mother does not dispute that Father has satisfied the requirements of Indiana Code Section 31–16–8–1(2). Nevertheless, she asserts that the reasoning from *Hay* applies here. Applying the doctrine of invited error, we agree. Father and Mother mediated a Settlement Agreement in which Father agreed to pay the mortgage, insurance, and taxes on the former marital home as child support. As Judge Vaidik observed in *Hay*, we "find it difficult to believe that the legislature intended to permit a child support

agreement to be so easily circumvented by virtue of the differential in the support obligation amounts where there was not a change of circumstances independent from that provided by [Indiana Code Section] 31–16–8–1(2)." *Id.* at 794. Because Father agreed to a support amount in excess of the guideline amount, Father is estopped to rely on that differential under Section 31–16–8–1(2) as the sole ground for modifying child support. However, Father may petition to modify child support if he can demonstrate a substantial and continuing change in circumstances, following execution of the Agreement and entry of the Decree, so as to warrant modification of his child support obligation.

### Issue Two: Evidence Supporting Modification

■ Father also argues that the trial court abused its discretion when it denied his motion to modify his child support obligation. In support, he contends that he is entitled to a modification because the existing support order was entered more than twelve months ago and differs by more than twenty percent from the guideline amount. We cannot agree.

Our supreme court has described the standard of review in child support modifications as follows:

> [A]ppellate courts give considerable deference to the findings of the trial court in family law matters, including findings of "changed circumstances" within the meaning of Indiana Code Section 31–16–

2. Another panel of this court reached the opposite conclusion in *Kraft v. Kraft*, 868 N.E.2d 1181 (Ind.Ct.App.2007). *Kraft* relied on *Meehan v. Meehan*, 425 N.E.2d 157 (Ind.1981), in which the supreme court held that the "statutory standard [for support modifications] is applicable to all support orders, *regardless of the origins of the terms.*" *Meehan*, 425 N.E.2d at 160. But the *Meehan* court construed a prior version of the modification statute, which did not provide for modification if the

support amount differed by twenty percent from the Guideline amount. Thus, we do not follow *Kraft*. Further, since the recodification of the statute and the addition of another basis for modification, the Indiana Supreme Court has stated in dictum that the result in cases involving the modification of child support obligations "might well be affected by prior agreements of the parties." *MacLafferty v. MacLafferty*, 829 N.E.2d 938, 942 n. 5 (Ind. 2005).

8–1. Whether the standard of review is phrased as "abuse of discretion" or "clear error," [1] this deference is a reflection, first and foremost, that the trial judge is in the best position to judge the facts, to get a feel for the family dynamics, to get a sense of the parents and their relationship with their children— the kind of qualities that appellate courts would be in a difficult position to assess. . . .

> Footnote: There are cases from both this Court and the Court of Appeals that phrase the standard of review each way. *See Glass v. Oeder,* 716 N.E.2d 413, 416 (Ind.1999) (clear error); *Meehan v. Meehan,* 425 N.E.2d 157 (Ind.1981) (abuse of discretion); *MacLafferty v. MacLafferty,* 811 N.E.2d [450, 452 (Ind.Ct.App.2004) ] (clear error); *Burke v. Burke,* 809 N.E.2d 896 (Ind.Ct.App.2004) (abuse of discretion).

\* \* \*

We recognize of course that trial courts must exercise judgment, particularly as to credibility of witnesses, and we defer to that judgment because the trial court views the evidence firsthand and we review a cold documentary record. Thus, to the extent credibility or inferences are to be drawn, we give the trial court's conclusions substantial weight. But to the extent a ruling is based on an error of law or is not supported by the evidence, it is reversible, and the trial court has no discretion to reach the wrong result.

*MacLafferty,* 829 N.E.2d at 940–41 (citations omitted).

Again, the existing support order was entered pursuant to an Agreement mediated between the parties. In that Agreement Father acknowledged that the agreed support amount exceeded the amount that would be required under the Guidelines. Thus, as we concluded above, in order to obtain a modification under Section 31–16–8–1(2), Father was also required to show a substantial and continuing change in circumstances. But Father has not demonstrated or even argued the existence of a substantial and continuing change of circumstances to this court.[3] Thus, Father has not shown that the trial court abused its discretion when it denied his motion to modify.

Affirmed.

BAKER, C.J., and MATHIAS, J., concur.

---

**3.** In his motion to modify child support, Father alleged a "substantial change in circumstances to warrant a modification of the current order of child support[,]" namely, that more than one year had passed since the entry of the existing order; that the existing order differs by more than twenty percent from the Guideline amount; that there was a miscalculation in the original agreement; that daycare expenses have changed, and that Father's income has decreased. But on appeal Father does not contend that any or all of these allegations, if proved, constitute a substantial and continuing change in circumstances. *See* Ind.Code § 31–16–8–1(1).