**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 21 2014, 8:58 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LUCILLE P. UTTERMOHLEN**
Monticello, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PATRICK M. McVADY, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 91A02-1308-DR-675 |
| | ) | |
| REBECKA R. PICKETT-McVADY, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE WHITE CIRCUIT COURT
The Honorable Benjamin A. Diener, Special Judge
Cause No. 91C01-0707-DR-82

**February 21, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-respondent Patrick McVady (Husband) asks this Court to reverse the trial court's determination denying his request to modify his court-ordered life insurance payments and reduce his child support payments. More particularly, he argues that the trial court erred when it determined that the life insurance policy was an element of the parties' property settlement and therefore was not subject to modification. Additionally, Husband contends that the trial court applied the incorrect legal standard when it refused to reduce his child support payments. Concluding that the law was correctly applied and finding no other error, we affirm the decision of the trial court.

FACTS

On March 18, 2010, Patrick McVady's marriage to Rebecka Pickett-McVady (Wife) was dissolved. In the parties' decree of dissolution, Husband agreed to maintain a life insurance policy in the amount of $1,000,000. The beneficiary of the policy was Wife as trustee for the benefit of the parties' two minor children. By agreement of the parties, Husband's child support obligation was set at $275 a week, an amount higher than the amount recommended by the child support guidelines. Husband had previously owned TriStar Transportation, but closed that business on or about June 2009; Husband drew unemployment from TriStar Transportation from about October 2009 for a period of two years, receiving between $18,000 and $20,000 per year in unemployment benefits. Husband testified that, at the time he agreed to the $275 child support payment, he had approximately $250,000 in a bank account.

On February 21, 2013, Husband filed a motion to modify the dissolution decree, and on June 20, 2013, the trial court held a hearing on the motion. At the hearing, Husband testified that on July 8, 2013, he would begin employment with Loaded N Gone, and would be paid $800 per week. He also testified that, because his savings had diminished, he could no longer afford to pay the premiums on the life insurance policy or the $275 weekly child support payment. Wife testified that she is unemployed and could not leave her children alone for long periods of time, as her daughter has physical disabilities due to an automobile accident and her son has mild autism.

Husband argued that his circumstances have changed in such a way that a reduction of his child support was warranted. Husband interpreted Indiana Code section 31-16-8-1 to provide for two different circumstances in which child support could be modified: 1) a showing of changed circumstances so substantial and continuing as to make the terms unreasonable under Indiana Code section 31-16-8-1 (b)(1), or 2) if a party was ordered to pay an amount that differed from the child support guidelines by more than twenty percent, and the order the party requested to be modified was ordered at least twelve months previously under Indiana Code section 31-16-8-1(b)(2). In keeping with this interpretation, Husband argued that, even if the trial court did not find a substantial change in circumstances, it should reduce his child support payments because the order he sought to modify was more than one year old and deviated from the child support guidelines by more than twenty percent.

3

At the hearing on the motion, the trial court determined that it would not hear any evidence concerning the life insurance policy. It determined that the policy was part of the property agreement between Husband and Wife, and as such, could not be modified by the court. After taking the issue of child support under advisement, the trial court determined that "aside from an unquantifiable diminution, based on the evidence presented, of his savings, Former Husband's circumstances on the date he filed his Motion were similar or identical to when the matters of custody and support were determined." Appellant's App. p. 10. The trial court found that Husband had not shown a substantial and continuing change in circumstances, and stated that, in order to modify his child support agreement, he must show a substantial change in circumstances regardless of whether the request to modify was under Indiana Code section 31-16-8-1(b)(1) or (b)(2). Accordingly, the trial court denied Husband's request to modify his child support payments or reduce the amount of life insurance.

Husband now appeals.

DISCUSSION AND DECISION

I. Standard of Review – No Appellee's Brief

At the outset, we also observe that Wife did not file an appellee's brief in this case. When the appellee fails to submit a brief, we will not undertake the burden of developing arguments for the appellee. Ramsey v. Ramsey, 863 N.E.2d 1232, 1237 (Ind. Ct. App. 2007). In such situations, we apply a less stringent standard of review with respect to showings of reversible error. While we do not undertake to develop the appellee's

4

arguments, we may reverse the trial court's decision if the appellant can establish prima facie error. Id. Prima facie error is defined as "at first sight," "on first appearance," or "on the face of it." Id.

In this case, the trial court entered findings of fact and conclusions sua sponte. Sua sponte findings control only the issues they cover, and this Court will apply a general judgment standard to those issues on which the trial court has made no findings, affirming on any theory the evidence in the record supports. Helm v. Helm, 873 N.E.2d 83, 87 (Ind. Ct. App. 2007). On appeal, we will review the trial court's findings and conclusions to determine whether the evidence supports the findings and whether the findings support the judgment. Id. The reviewing court will set aside the trial court's findings and conclusions only if they are clearly erroneous. Id. Finally, we will consider only the evidence most favorable to the judgment and will not reweigh the evidence. Id.

## II. Introduction of the Insurance Policy

Husband first argues that the life insurance policy he maintained pursuant to the dissolution decree was an element of child support and subject to modification. Specifically, he maintains that the trial court erred when it determined that the policy was an element of the parties' property settlement and was not subject to modification. He maintains that, because children are the ultimate beneficiaries of the policy, it is an element of child support. As Husband was in possession of the policy at the time of the dissolution of marriage and agreed to turn it over to Wife as part of the property settlement, Appellant's App. p. 38, we agree with the trial court that the insurance

5

policy was an element of the parties' property settlement agreement. This court has held that:

> When the court orders, as part of a divorce decree, that a parent is to designate a child as beneficiary of a life insurance policy, the court is making an order of child support . . . . However, "when the parties craft property settlement agreements, they are free to include provisions that a trial court cannot otherwise include in its marital division. An insurance policy benefitting children in a property settlement is valid and enforceable."

Miller v. Partridge, 734 N.E.2d 1061, 1065 (Ind. Ct. App. 2000) (quoting Klitz v. Klitz, 708 N.E.2d 600, 603 (Ind. Ct. App. 1999)).

Husband entered into an agreement to maintain the life insurance policy by paying the premiums on the policy until the parties' last child is emancipated. Parties are free to divide their property in any way they choose and their agreement in that regard is interpreted as any other contract. Myers v. Myers, 560 N.E.2d 39, 44 (Ind. 1990). Husband agreed to maintain the life insurance policy, and he cannot now complain that he should not have done so. The trial court properly declined to hear any evidence regarding the life insurance policy and correctly determined that it was not an element of child support that would be subject to modification.

### III. Modification of Child Support Payments

Husband also argues that the trial court applied the incorrect legal standard when it refused to modify his child support payments because he had not shown a substantial and continuing change in circumstances under Indiana Code section 31-16-8-1. Husband

contends that he need not show a substantial change in circumstances because the order he sought to modify was more than one year old and deviated from the child support guidelines by more than twenty percent. Indiana Code section 31-16-8-1(b) states:

> (b) Except as provided in section 2 of this chapter, modification may be made only:
>
>> (1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or
>>
>> (2) upon a showing that:
>>
>>> (A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and
>>>
>>> (B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.

Husband interprets Section 31-16-8-1 to provide for two methods of modification, arguing he must show either a substantial and continuing change in circumstances or a child support order more than twelve months old that deviates from the child support guidelines by more than twenty percent. However, this is not the correct application of the statute when a party is attempting to modify an agreement into which he voluntarily entered. As this Court has said,

> [w]hile we recognize the plain language of the statute would permit modification under these circumstances, we find it difficult to believe that

7

the legislature intended to permit a child support agreement to be so easily circumvented by virtue of the differential in the support obligation . . . . [to] reduce support on this basis alone vitiates the agreement of the parties and runs contrary to the public policy of encouraging parties to agree on matters of child custody and support.

Hay v. Hay, 730 N.E.2d 787, 794 (Ind. Ct. App. 2000).

This Court has determined that, in order to modify a child support payment contained in an agreement, a party may demonstrate grounds for modification only if he can show a substantial change in circumstances. Reinhart v. Reinhart, 938 N.E.2d 788, 791 (Ind. Ct. App. 2010). In Reinhart, we invoked the invited error doctrine, wherein, as noted above, a party may not take advantage of an error that he commits, invites, or which is the natural consequence of his own neglect or misconduct. Id. Here, as with the father in Reinhart, Husband agreed to the amount of his child support payments, and does not argue that he did not know the payment exceeded the amount in the child support guidelines at the time of the agreement. Id. He cannot now complain that he should not have agreed to the amount, or that we should modify his child support obligation simply because he agreed to an amount in excess of the child support guidelines.

Furthermore, Husband has failed to show a substantial and continuing change in circumstances. As the trial court noted, Husband's only claim concerning his changed circumstances was an "unquantifiable diminution" in his savings. Appellant's App. p. 10. Consequently, Husband has failed to show that the trial court erred.

8

The judgment of the trial court is affirmed.

NAJAM, J., and CRONE, J., concur.