**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 26 2014, 10:59 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KELLEY Y. BALDWIN**
Yeager Good & Baldwin
Shelbyville, Indiana

ATTORNEY FOR APPELLEE:

**CASEY D. CLOYD**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF: | ) | |
| ROBIN D. (HANSON) BLANKENSHIP and | ) | |
| JAMES E. HANSON, | ) | |
| | ) | |
| JAMES E. HANSON, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 41A05-1310-DR-511 |
| | ) | |
| ROBIN D. (HANSON) BLANKENSHIP, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE JOHNSON SUPERIOR COURT
The Honorable Chris D. Monroe, Senior Judge
Cause No. 41D02-0809-DR-352

**August 26, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

James D. Hanson ("Father") appeals the trial court's decision in favor of Robin D. Blankenship ("Mother"). He presents two issues for our review:

1. Whether the trial court abused its discretion when it denied Father's Petition to Modify Child Support; and

2. Whether the trial court abused its discretion when it granted Mother's Verified Petition for Rule to Show Cause.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The marriage of Mother and Father produced two daughters, C.H., born September 28, 1989, and M.H., born July 18, 1995 (collectively, "Children"). Mother and Father divorced in 2008 pursuant to an order that incorporated their agreement that Father would pay $185.98 per week for child support. In March 2010, the court ratified the parties' new agreement that Father would pay $189.00 per week in child support.

In November 2010, just after C.H. reached the age of twenty-one, the parties agreed: "Father's child support shall remain at $189.00 per week until the youngest child is emancipated, regardless of the legal emancipation of the parties' eldest daughter." (Appellant's App. at 26.) At the same time, Mother agreed to be responsible for all uninsured medical costs and higher education costs for Children. The court accepted the agreement and declared it to be the new controlling order.

In November 2012, Father lost his job at which he had made $827.00 per week. Father found new employment paying on average $663.00 per week, which included the

2

overtime he had been working. Mother's income remained $596.00 per week. On January 8, 2013, Father requested his child support be reduced because of his change in income.

On May 14, 2013, Mother filed a Verified Petition for Rule to Show Cause in which she claimed Father "continually failed to pay child support due and owing pursuant to court orders." (*Id*. at 33.) At a hearing on June 10, Mother contended Father owed a child support arrearage of $906.98 as of May 16, 2013. Father claimed he did not know he was delinquent on his child support payments because he believed, based on a statement dated November 16, 2012, he had overpaid his child support in the amount of $51.86. After the hearing, the trial court denied Father's Petition to Modify Child Support and granted Mother's Verified Petition for Rule to Show Cause, holding Father in contempt based on his child support arrearage.

## DISCUSSION AND DECISION

The trial court *sua sponte* entered findings of fact and conclusions of law. In this situation,

> the specific findings control our review and the judgment only as to the issues those specific findings cover. Where there are no specific findings, a general judgment standard applies and we may affirm on any legal theory supported by the evidence adduced at trial.
> We apply the following two-tier standard of review to *sua sponte* findings and conclusions: whether the evidence supports the findings, and whether the findings support the judgment. Findings and conclusions will be set aside only if they are clearly erroneous, that is, when the record contains no facts or inferences supporting them. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. We consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will neither reweigh the evidence nor assess witness credibility.

3

*Trust No. 6011, Lake Cnty. Trust Co. v. Heil's Haven Condos. Homeowners Ass'n*, 967 N.E.2d 6, 14 (Ind. Ct. App. 2012), *trans. denied*.

1. <u>Father's Petition to Modify Child Support</u>

A court may modify child support if a petitioner proves: (1) a change in circumstances so substantial and continuing has occurred as to make the terms of the existing child support order unreasonable; or (2) "a party has been ordered to pay an amount in child support that differs by more than twenty percent from the amount" that now would be calculated by applying the Indiana Child Support Guidelines, and more than a year has passed since the prior order was entered. Ind. Code § 31-16-8-1.

a. Twenty Percent Deviation

Even if Father's current support obligation differs by more than twenty percent from what the court would now calculate under the Indiana Child Support Guidelines, Father invited the error he now asserts on appeal. "Under the invited error doctrine, a party may not take advantage of an error that he commits, invites, or which is the natural consequence of his own neglect or misconduct." *Reinhart v. Reinhart*, 938 N.E.2d 788, 791 (Ind. Ct. App. 2010). When a party has voluntarily agreed to pay an amount in excess of the amount required by the Child Support Guidelines, the court may not modify that child support amount simply because it is twenty percent more than what the Guidelines would require. *Hay v. Hay*, 730 N.E.2d 787, 795 (Ind. Ct. App. 2000).

In November of 2010, Father agreed to pay an amount greater than the trial court could order under the Guidelines, because he agreed to continue paying support for two

4

children when, in fact, his oldest daughter was emancipated. Because Father invited any error that exists in the support amount to which he agreed, he cannot obtain modification on the ground that agreed amount differs by more than twenty percent from what the court could order under the Guidelines.[1] *See Hay*, 730 N.E.2d at 794 (noting it is "difficult to believe that the legislature intended to permit a child support agreement to be so easily circumvented by virtue of the differential in the support obligation amounts where there was not a change in circumstances").

b. Substantial Change in Circumstances

The court, nevertheless, may modify a support obligation to which the parent agreed if the parent demonstrates a substantial change in circumstances independent of the twenty percent deviation from the Guideline amount of child support. *Id*.; *see also Reinhart*, 938 N.E.2d at 793 ("Father may petition to modify child support if he can demonstrate a substantial and continuing change in circumstances [. . .] so as to warrant modification of his child support obligation."). Father asserts he has a demonstrated a substantial change in circumstances.

The trial court determined Father did not meet his burden of proving a substantial change in circumstances, and our review of the record leads us to conclude that was not error.

---

[1] Father also asks us to calculate his support obligation based on different incomes for himself and Mother than the trial court found. There was evidence to support the incomes assigned by the trial court, and we may not reweigh that evidence. *See McGill v. McGill*, 801 N.E.2d 1249, 1251 (Ind. Ct. App. 2004) (stating when reviewing a child support order, we do not reweigh evidence). In addition, as Father has waived any argument regarding a twenty percent deviation, we need not review the trial court's findings regarding income or recalculate his support obligation. *See Lasater v. Lasater*, 809 N.E.2d 380, 396-97 (Ind. Ct. App. 2004) ("To the extent that the judgment is based on erroneous findings, those findings are superfluous and are not fatal to the judgment if the remaining valid findings and conclusions support the judgment.").

Father states his change in employment is a change in circumstances so substantial that his existing child support agreement is unreasonable. Father presented evidence that his income was reduced, but did not demonstrate any other substantial change. Therefore, Father's argument fails because it is an attempt to circumvent the twenty percent deviation argument that he waived by agreeing to pay a higher level of child support. Father needed to demonstrate a substantial change *aside* from a decrease in income, which he did not offer, and therefore, the court could not have erred by finding Father failed to prove a change that would justify modification. *See*, *e.g., Reinhart*, 938 N.E.2d at 794 (holding a change in circumstances not independent of the twenty percent deviation in child support did not require modification).[2]

2. Mother's Verified Petition for Rule to Show Cause

The trial court found Father was $906.98 behind in child support. Based thereon it held him in contempt and ordered him to pay $25.00 per week until the amount was satisfied. "Child support obligations have long been enforceable by contempt in Indiana." *Pettit v. Pettit*, 626 N.E.2d 444, 445 (Ind. 1993). Whether a party is in contempt of court is a matter within the trial court's discretion, and its decision will be reversed only for an abuse of discretion. *Norris v. Pethe*, 833 N.E.2d 1024, 1029 (Ind. Ct. App. 2005). We will not

---

[2] We do not disagree with the dissent's assertion that Father was being generous in agreeing to pay more support than required. Nevertheless, both *Hay v. Hay*, 730 N.E.2d 787 (Ind. Ct. App. 2000), and *Reinhart v. Reinhart*, 938 N.E.2d 788 (Ind. Ct. App. 2010), indicate Father must show a substantial change in circumstances independent of a twenty percent deviation. Contrary to what the dissent asserts, this requirement does not constitute reading the statute "in the conjunctive," as neither the case law nor we demand a parent shows a 20% deviation *and* a substantial change in circumstances. Rather, we hold the parent may obtain relief *only* by demonstrating a substantial change in circumstances; whether the facts might demonstrate a 20% deviation is simply not at issue.

6

reweigh the evidence, and we will affirm unless we firmly believe a mistake has been made. *Mitchell v. Mitchell*, 871 N.E.2d 390, 394 (Ind. Ct. App. 2007).

Indirect contempt of court is the willful disobedience of a lawfully entered court order of which an offender has notice. *In re the Paternity of M.F.*, 956 N.E.2d 1157, 1163 (Ind. Ct. App. 2011). An order must be clear and certain, so that there is no question regarding when the order is violated. *Bandini v. Bandini*, 935 N.E.2d 253, 264 (Ind. Ct. App. 2010). Father explicitly agreed to pay "$189.00 per week until the youngest child is emancipated." (Appellant's App. at 26.) The trial court calculated the amount Father owed to be $906.98 based on missed payments between "11/8/2012" and "12/11/2012[,]" between "01/02/2013" and "01/15/2013[,]" and payments of less than $189.00 on some occasions. (Appellee's App. at 4-6.)

Father argues his non-compliance with the agreement was not willful because, as of November 16, 2012, he believed he had overpaid by $51.86. He does not explain, however, why the court should not have found he willfully failed to pay the two payments he missed thereafter, which totaled more than five times the overpayment he alleges. We may not reweigh the evidence before the trial court. *See Mitchell,* 871 N.E.2d at 394. The evidence of nonpayment supports the trial court's findings, and these findings support the order. We accordingly affirm the trial court's decision.

## CONCLUSION

As the evidence supports the trial court's findings and conclusions and there was no abuse of discretion, we affirm.

Affirmed.

BAILEY, J., concurs.

KIRSCH, J., dissents with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

IN RE THE MARRIAGE OF: )
ROBIN D. (HANSON) BLANKENSHIP and )
JAMES D. HANSON, )
  )
JAMES D. HANSON, )
  )
     Appellant-Respondent, )
  )
         vs. ) No. 41A051310-DR-511
  )
ROBIN D. (HANSON) BLANKENSHIP, )
  )
     Appellee-Petitioner. )

**KIRSCH, Judge,** *dissenting***.**

I respectfully dissent.

Unlike my colleagues, I find no invited error on the facts of this record. Rather, I see a parent being punished for the fact that he was generous to his children during better economic times. When Father agreed to maintain the support at the level of $189.00 per week until the youngest child attained the age of majority, he was earning twenty percent more per week than he was at the time of the modification hearing. Nothing shows that such a drop in income was within the contemplation of either party at the time that the earlier

9

agreement regarding support was entered. Father's subsequent and unanticipated reduction in income constitutes a sufficient change in the circumstances to support a modification of the child support order. I believe the trial court abused its discretion in denying the modification, and I would reverse its order and remand with instructions to enter a new child support order effective as of the date of the filing of the petition and setting support pursuant to the Indiana Child Support Guidelines.

In footnote 2 of the majority opinion, my colleagues point to the decisions of two panels of this court, *Reinhart v. Reinhart,* 938 N.E.2d 788 (Ind. Ct. App. 2010) and *Hay v. Hay,* 730 N.E.2d 787 (Ind. Ct. App 2000), as authority for the proposition that a parent "must show a substantial change in circumstances *independent* of the twenty percent deviation." *Reinhart*, 938 N.E.2d at 792; *Hay*, 730 N.E.2d at 795 (emphasis added).

In response, I would note that the statute, however, is phrased not in the conjunctive, but in the disjunctive and sets out alternative methods of seeking modification—compliance with either Subsection (1) or, in the alternative, compliance with Subsection (2).

That statute provides, in relevant part:

(a) Provisions of an order with respect to child support . . . may be modified or revoked.
 (b) . . . modification may be made only:
    (1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; *or*
    (2) upon a showing that:
        (A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and
        (B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting

modification was set.

Ind. Code § 31-16-8-1 (emphasis added).