ATTORNEY FOR APPELLANT
Terry A. White
Evansville, Indiana

ATTORNEY FOR APPELLEE
Katharine Vanost Jones
Evansville, Indiana

# In the
# Indiana Supreme Court



FILED

Dec 16 2014, 1:11 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 87S01-1412-DR-739

MARK ROLLEY,

*Appellant (Respondent below),*

v.

MELISSA ROLLEY,

*Appellee (Petitioner below).*

Appeal from the Warrick Superior Court
No. 87D02-1110-DR-1398
The Honorable Robert R. Aylsworth, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 87A01-1307-DR-330

**December 16, 2014**

**Per Curiam.**

When Mark and Melissa Rolley divorced in 2011, they reached an agreement regarding child support that deviated substantially from what would be ordered by applying the Indiana Child Support Guidelines. Melissa later petitioned to modify Mark's child support obligation, arguing that more than twelve months had elapsed since the support order was issued and that there was more than a twenty percent (20%) difference between the amount of support Mark was paying under the parties' marital settlement agreement and the amount that would be ordered by

applying the Guidelines. *See* Ind. Code § 31-16-8-1(b)(2) (West 2012). The trial court granted Melissa's motion and modified Mark's support requirements.

Mark appealed, arguing among other things that agreed child support terms cannot be modified absent a substantial and continuing change in circumstances that renders those terms unreasonable. *See* I.C. § 31-16-8-1(b)(1) (West 2012). Mark also argued that, even assuming his support obligation was subject to modification, the trial court erred in its calculations here. The Court of Appeals affirmed. Rolley v. Rolley, 13 N.E.3d 521 (Ind. Ct. App. 2014).

The Court of Appeals and the parties draw our attention to conflicting precedent in this field. *Compare* Hay v. Hay, 730 N.E.2d 787, 794-95 (Ind. Ct. App. 2000), *and* Reinhart v. Reinhart, 938 N.E.2d 788, 791-93 (Ind. Ct. App. 2010) (both reasoning that an agreed child support order can be modified only upon a showing of a substantial and continuing change in circumstances), *with* Marriage of Kraft, 868 N.E.2d 1181, 1185-89 (Ind. Ct. App. 2007), *and* Rolley, 13 N.E.3d at 526-31 (both reasoning that under the modification statute an agreed child support order can be modified based on either a substantial and continuing change in circumstances or, after twelve months, a twenty percent deviation).

We agree with Judge Pyle's analysis and the result reached by the Court of Appeals in the present appeal. We therefore grant transfer, adopt that portion of the opinion of the Court of Appeals that addresses the available grounds for modification, and incorporate it by reference. *See* Ind. Appellate Rule 58(A)(1). We summarily affirm the part of the opinion of the Court of Appeals addressing the trial court's calculation of Mark's support obligation. *See* App. R. 58(A)(2).

Rush, C.J., and Dickson, Rucker, David, and Massa, JJ., concur.