**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 10 2014, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**R. ALLAN KUHLMAN**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**AARON WESTLAKE**
Thomas Law Firm, P.C.
Auburn, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LUIS ANTONIO PALACIO, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1305-DR-397 |
| | ) | |
| RAQUEL VILLAVICENCIO, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David J. Dreyer, Judge
The Honorable Patrick Murphy, Commissioner
Cause No. 49D10-1001-DR-3079

**January 10, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

Appellant-Respondent Luis Antonio Palacio ("Father") married Appellee-Petitioner Raquel Villavicencio ("Mother") on June 29, 2002. One child was born during the course of the parties' marriage. The parties subsequently divorced. On April 9, 2010, the parties filed a "Final Settlement Agreement" ("Settlement Agreement") in which they agreed to certain items, including Father's child support obligation. Approximately two years later, Father filed a verified petition for modification of his child support obligation, alleging that there had been a substantial and continuing change in the parties' circumstances that made the existing child support order unreasonable. Following a two-day hearing conducted on August 30, 2012, and February 26, 2013, the trial court denied Father's request to modify his child support obligation. Father now appeals the denial of his request to modify his child support obligation. Upon review, we affirm.

**FACTS AND PROCEDURAL HISTORY**

Mother and Father were married on June 29, 2002. They are the parents of one child, Y.V., who was born on December 13, 2005. Mother and Father subsequently divorced. On April 9, 2010, Mother and Father filed a Settlement Agreement in which they agreed that Mother would have sole physical custody of Y.V., Father would have parenting time pursuant to the Indiana Parenting Time Guidelines, and Mother and Father would share joint legal custody of Y.V. Mother and Father also agreed that $903.00 in weekly income would be imputed to Father, and that as a result of this income, Father's weekly child support obligation would be $97.00.

Mother and Father acknowledged, however, that at the time they entered into the Settlement Agreement, Father was working to obtain his doctorate in physics. In light of Father's educational pursuits, Mother and Father agreed to defer a portion of Father's weekly child support obligation for a period of two years or until Father graduated with his doctorate in physics, whichever occurred first. During the deferral period, Father would pay $48.50 per week in child support. At the conclusion of the deferral period, Father's child support obligation would become $97.00 per week. Father would also pay an additional $48.50 per week, for a total of $145.50 per week, until the deferred balance of $5044.00 was paid in full. The Settlement Agreement was accepted by the trial court. Father subsequently made a lump sum payment of $2552.00 toward the deferred child support, leaving a balance of $2492.00.

On April 27, 2012, Father filed a Verified Petition for Modification, in which he claimed that he was entitled to a modification of his child support obligation because there had been a substantial and continuing change of his and Mother's circumstances that made the existing child support order unreasonable. The trial court conducted a two-day evidentiary hearing on August 30, 2012, and February 26, 2013, at which time it heard argument and accepted evidence relating to Father's request for a modification of his child support obligation. On April 3, 2013, the trial court denied Father's request to modify his child support obligation.

## DISCUSSION AND DECISION

On appeal, Father contends that the trial court abused its discretion by denying his request to modify his child support obligation.

3

In reviewing the trial court's decision regarding the modification of child support, we reverse only for an abuse of discretion. *In re Marriage of Kraft*, 868 N.E.2d 1181, 1185 (Ind. Ct. App. 2007). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court, including any reasonable inferences therefrom. *In re Paternity of E.M.P.*, 722 N.E.2d 349, 351 (Ind. Ct. App. 2000). Whether the standard of review is phrased as "abuse of discretion" or "clear error," the importance of first-person observation and preventing disruption to the family setting justifies deference to the trial court. *MacLafferty v. MacLafferty*, 829 N.E.2d 938, 940-41 (Ind. 2005).

*Holtzleiter v. Holtzleiter*, 944 N.E.2d 502, 505 (Ind. Ct. App. 2011).

Generally, child support obligations are modifiable whether they are court ordered or the result of parties' agreements. *See Hay v. Hay*, 730 N.E.2d 787, 791 (Ind. Ct. App. 2000).

Modification of child support is governed by Indiana Code section 31-16-8-1, which states,

(a) Provisions of an order with respect to child support ... may be modified or revoked.
(b) Except as provided in section 2 of this chapter, modification may be made only:
(1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or
(2) upon a showing that:
(A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and
(B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.

However, as this court concluded in *Hay*, and subsequently reaffirmed in *Reinhart v. Reinhart*, 938 N.E.2d 788,792 (Ind. Ct. App. 2010), "when a parent has agreed to pay support in excess of the guidelines and which could not be ordered by a trial court, that parent must show a substantial change in circumstances independent of the twenty percent deviation to

4

justify modification."[1] *Hay*, 730 N.E.2d at 795. The party seeking to modify a child support order bears the burden of establishing that the requirements of section 31-16-8-1 have been met. *Holtzleiter*, 944 N.E.2d at 505 (citing *Saalfrank v. Saalfrank*, 899 N.E.2d 671, 675 (Ind. Ct. App. 2008)).

## A. Imputation of Income

In arguing that the trial court abused its discretion by denying his request to modify his child support obligation, Father claims that the trial court erroneously imputed income to him. Specifically, Father claims that he did not agree in the Settlement Agreement that certain income should be imputed to him for the purpose of determining his child support obligation. However, the trial court found, and the record clearly demonstrates, otherwise.

The trial court made a factual finding that, pursuant to the terms of the Settlement Agreement, $903.00 in weekly income should be imputed to Father. The trial court based

---

[1] In reaching this conclusion, this court recognized that while the plain language of Indiana Code section 31-16-8-1(b)(2) would seemingly permit modification under any circumstance where a twenty percent differential exists, the court found it "difficult to believe that the legislature intended to permit a child support agreement to be so easily circumvented by virtue of the differential in the support obligation amounts where there was not a change of circumstances independent from that provided by [Indiana Code section 31-16-8-1(2)]." *Hay*, 730 N.E.2d at 794.

> To reduce support on [the basis of a twenty percent deviation] alone vitiates the agreement of the parties and runs contrary to the public policy of encouraging parties to agree on matters of child custody and support. *See* Ind. Code § 31-15-2-17(a)(3) ("To promote the amicable settlements of disputes that have arisen or may arise between the parties to a marriage attendant upon the dissolution of their marriage, the parties may agree in writing to provisions for: ... (3) the custody and support of the children of the parties."); *Clark v. Madden*, 725 N.E.2d 100, 106 (Ind. Ct. App. 2000) ("[W]e encourage parents to come to agreements for educational expenses as soon as possible."); *Mundon v. Mundon*, 703 N.E.2d 1130, 1134 (Ind. Ct. App. 1999) ("Indiana law 'expressly encourages' divorcing spouses to reach such agreements.").

*Id*. at 794-95; *see also MacLafferty*, 829 N.E.2d at 941 n.5 (citing *Hay* with apparent approval).

5

this finding on the express language of the Settlement Agreement that was submitted and signed by the parties and accepted by the trial court. In family law matters, such as questions regarding child support, we defer to the factual findings of the trial court. *See MacLafferty*, 829 N.E.2d at 940 (providing that appellate courts give considerable deference to the factual findings of the trial court as the trial court "is in the best position to judge the facts, to get a feel for the family dynamics, to get a sense of the parents and their relationship with their children—the kind of qualities that appellate courts would be in a difficult position to assess"). In addition, the record demonstrates that in the Child Support Obligation Worksheet that was filed with the Settlement Agreement, the parties agreed that Father should have $903.00 in weekly income assessed to him, and that in light of this agreed income, his child support obligation should be set at $97.00 per week.

A decision to impute income to a party is within the sound discretion of the trial court. *See J.M. v. D.A.*, 935 N.E.2d 1235, 1240-41 (Ind. Ct. App. 2010). Here, in light of the factual determination of the trial court as well as the evidence presented during the evidentiary hearing establishing the parties' intent to impute $903.00 in weekly income to Father, we conclude that the trial court did not abuse its discretion in continuing to impute $903.00 in weekly income to Father.[2]

### B. Substantial and Continuing Change in Circumstances

Father also claims that the trial court abused its discretion in denying his request for

---

[2] Having concluded that the trial court did not abuse its discretion in imputing $903.00 in weekly income to Father, we need not consider Father's claim that he was entitled to a modification of his child support obligation because without said imputed income, the child support order represented a twenty percent deviation from the amount of child support that could otherwise be ordered by the trial court.

modification of his child support obligation because there had been a substantial and continuing change of circumstances, *i.e.*, he had yet to graduate from the doctorate program in which he was enrolled. The parties acknowledged that at the time they entered into the Settlement Agreement, Father was continuing work on a doctorate degree in physics. Accordingly, the parties agreed to defer a portion of Father's child support obligation for a period of two years or until he graduated from the doctorate program, whichever came first. During the deferment period, Father's child support obligation was set at $48.50 per week. After the conclusion of the two year period or Father's graduation, again, whichever came first, Father's full $97.00 per week child support obligation would go into effect. In addition, Father would pay an additional $48.50 per week, for a total of $145.20 per week, until the balance of $5044.00 in deferred child support was paid in full.

The substantial and continuing change of circumstance claimed by Father is his failure to graduate from the doctorate program before the expiration of the two-year child support deferral period. Father presented evidence that he is on schedule with his doctoral work but is not expected to graduate from the doctoral program until 2014 or 2015. The mere fact that Father failed to complete the doctorate program within the two-year deferral period, however, does not constitute a substantial and continuing change of circumstances from the parties' circumstances at the time they entered into the Settlement Agreement as the Settlement Agreement contemplated the possibility that Father may not complete the program within two years but explicitly stated that the deferral period would end "[a]t the end of two years, or upon graduation from the Doctorate Program in Physics (whichever comes first)."

7

Appellant's App. p. 7.

Again, at the time of the evidentiary hearing on Father's request to modify his child support obligation, Father was continuing his doctoral work and was on schedule to graduate in either 2014 or 2015. Father was also working as a teaching fellow at Indiana University-Purdue University Indianapolis ("IUPUI"). As a part of his fellowship, Father teaches science at a local high school in addition to his research responsibilities. Father is paid for his work as a teaching fellow at IUPUI, and this payment, which is more than Father was earning at the time he and Mother entered into the Settlement Agreement, covers most of the income that the parties agreed should be imputed to Father. As such, we conclude that the trial court did not abuse its discretion in determining that there had not been a substantial and continuing change of the parties' circumstances that would warrant a modification of Father's child support obligation.

The judgment of the trial court is affirmed.

MATHIAS, J, and PYLE, J., concur.