James Lee WALTERS, Appellant–Respondent,

v.

Jane Bennett WALTERS, Appellee–Petitioner.

No. 29A02–0809–CV–814.

Court of Appeals of Indiana.

Feb. 12, 2009.

Elizabeth A. Gamboa, Franklin, IN, Attorney for Appellant.

Bruce M. Pennamped, Pennamped & Associates, Indianapolis, IN, Attorney for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-respondent Dr. James Walters appeals the trial court's order on his petition for modification of child support. Specifically, James argues that the trial court erred by refusing to order appellee-petitioner Jane Walters to pay a share of their children's college expenses. In addition, James asserts that the trial court's calculation of income for the purposes of establishing child support and college expenses is not supported by the evidence. Finally, James argues that the trial court abused its discretion by awarding Jane her attorney fees. Finding that the trial court erred in concluding that the allocation of college expenses could not be modified and finding no other error, we affirm in part, reverse in part, and remand to the trial court with instructions to calculate Jane's portion of the children's college expenses and modify the order consistent with these findings.

## *FACTS*

James and Jane were married and have three children: J.W.W., born on May 4, 1987, and a student at Indiana University;

J.L.W., born on December 24, 1989, and a 2008 high school graduate with plans to attend Ivy Tech; and C.L.W., born on December 27, 1991, and a junior in high school. James and Jane divorced in July 2006. Prior to the final decree, James and Jane had entered into a settlement agreement (the agreement) that was approved by the trial court and incorporated into the final divorce decree. Pursuant to the agreement, James was to have custody of the two minor children. Because Jane was not working at the time of the agreement, she was not required to pay child support. In addition, James was required to pay all college, medical, dental, orthodontic, and optometric expenses for the children.

Jane is a registered nurse and obtained employment as a supervisor in a nursing home in August 2007. On November 8, 2007, James filed a petition to modify claiming that there had been a material change in circumstances because Jane was now employed and asking that the dissolution order be amended to require Jane to pay child support in accordance with the Indiana Child Support Guidelines. On February 8, 2008, James filed an amended petition to modify, requesting that the trial court order Jane to contribute to the college expenses of the children.

On June 2, 2008, the trial court held a hearing on the petitions. After evidence was presented, the trial court concluded that Jane's weekly income for child support purposes was $1,110, and James's weekly income was $4,250. Finding that there was a substantial change in circumstances because Jane was now employed, the trial court modified the agreement and ordered Jane to pay $121.60 in weekly child support beginning on July 11, 2008.

Notwithstanding the child support modification, the trial court declined to modify the allocation of college expenses, reasoning that there was a specific provision for modification of college expenses in the agreement stating that "[t]his obligation shall be subject to modification should a child's academic performance and commitment to school become an issue." Appellant's App. p. 41. In addition, the trial court observed that unlike other provisions in the agreement, the section pertaining to college expenses did not contain the phrase "pending further order of the Court." *Id.* Furthermore, the trial court ordered James to pay Jane's attorney fees in the amount of $3,284.87. James now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

The trial court entered sua sponte findings. In *Gibbs v. Kashak*, this court stated that:

[s]ua sponte findings control only as to the issues they cover and a general judgment will control as to the issues upon which there are no findings. A general judgment entered with findings will be affirmed if it can be sustained on any legal theory supported by the evidence. When a court has made special findings of fact, an appellate court reviews sufficiency of evidence using a two-step process. First, it must determine whether the evidence supports the trial court's findings of fact; second, it must determine whether those findings of fact support the trial court's conclusions of law. Findings will be set aside if they are clearly erroneous. Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference. A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts. In order to determine that a finding or conclusion is clearly erroneous, an appellate court's review of the

evidence must leave it with the firm conviction that a mistake has been made.

883 N.E.2d 825, 827–28 (Ind.Ct.App.2008) (citations omitted).

## II. College Expenses

■ James argues that the trial court erred by determining that it could not modify the agreement with respect to college expenses. An order to pay college or post-secondary expenses is in the nature of a child support order and, therefore, both may be modified. *Vagenas v. Vagenas,* 879 N.E.2d 1155, 1159 (Ind.Ct.App.2008). Support orders, including orders to pay post-secondary expenses, may be modified even if the order is the result of an agreement between the parties. *Meehan v. Meehan,* 425 N.E.2d 157, 160 (Ind.1981). Indiana Code section 31–16–8–1 governs the modification of support orders and provides in relevant part:

(a) Provisions of an order with respect to child support ... may be modified or revoked.

(b) Except as provided in section 2 of this chapter, modification may be made only:

(1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable....

Jane maintains that her employment is not a substantial change in circumstances justifying modification of college expense because her employment was contemplated at the time the parties entered the agreement. In addition, Jane argues that James failed to establish a substantial change in circumstances independent of a twenty percent deviation as required by this court's decision in *Hay v. Hay,* 730 N.E.2d 787, 795 (Ind.Ct.App.2000).

In *Hay,* this court determined that the father had failed to show a substantial change in circumstances sufficient to modify his obligation to pay for his daughter's college expenses. *Id.* at 793. We reasoned that "where the parties have agreed and the child support order provides for payment of college expenses, the mere fact that a child actually enrolls in college is not a change in circumstances as such enrollment was contemplated by the parties." *Id.*

■ Here, the trial court determined that a substantial change in circumstances existed and concluded that a modification of the child support order was warranted. In its order, the trial court stated:

The Court also finds that there has been a substantial change of circumstance in that Petitioner now has an income. She has had her nursing employment for a considerable period of time. Therefore, the Court believes that a modification of the original support agreement is appropriate.

Appellant's App. p. 40. Thus, Jane's employment and income was the substantial change in circumstances justifying the modification. This fact distinguishes the present case from *Hay,* where the child's enrollment in college was the asserted change in circumstances. 730 N.E.2d at 793. When an order provides for the payment of a child's college expenses, the child's enrollment in college is inherently assumed. By contrast, an order for college expenses does not inherently contemplate a change in the parent's employment or income status. Thus, Jane's argument that James failed to show a substantial change in circumstances fails.[1]

---

1. Because we conclude that James has met his burden of showing a substantial change in circumstances, we need not address whether the twenty percent deviation is applicable

The trial court's reasoning for declining to modify educational expenses in light of the finding that there had been a substantial change in circumstances was that "there is a specific provision for the modification of [educational expenses]. This provision states as follows: 'This obligation shall be subject to modification should a child's academic performance and commitment to school become an issue.'" Appellant's App. p. 41. In addition, the trial court noted that at the time of the agreement, the parties anticipated that the children would attend college, that Jane had relied on the agreement, and that the parties did not place the phrase "pending further order of the Court" in the provision of the agreement dealing with educational expenses as they had in the provisions addressing child support. *Id.*

■ Because the trial court properly determined that there had been a substantial change in circumstances sufficient to modify child support, it was appropriate for the trial court to modify the allocation of college expenses. Although this court has stated that "[c]hild support orders and educational support orders are separate and distinct," *Vagenas,* 879 N.E.2d at 1158, they are linked and not subject to separate analysis as to when modification is appropriate. Therefore, it does not matter that the parties' previous agreement did not contain the language "pending further order of the Court" in the provision addressing college expenses.

Jane maintains that the trial court "took into consideration the overall financial condition of the parents and properly applied its discretion in refusing to modify the

previously agreed upon college expense allocation." Appellee's Br. p. 24. Indiana Code section 31–16–6–2(a) addresses educational support orders and states in relevant part:

> The child support order or an educational support order may also include where appropriate:
>
> (1) amounts for the child's education in elementary and secondary schools and at post-secondary educational institutions, taking into account:
>
> * * *
>
> (C) the ability of each parent to meet these expenses.

Providing further guidance, Indiana Child Support Guideline 6 states that the trial court "should apportion the expenses between the parents and the child, taking into consideration the incomes and overall financial condition of the parents and the child, education gifts, education trust funds, and any other education savings program."

In the instant case, there is no indication in the trial court's findings that it took into consideration the parties' overall financial condition. Rather, the trial court rested its decision on the fact that there was a specific provision in the agreement pertaining to modification of college expenses, the provision did not contain the phrase "pending further order of the Court," and Jane's reliance on the agreement. Thus, we reverse and remand with instructions to the trial court to calculate Jane's portion of the children's college expenses and to enter an order consistent with this finding.[2]

---

when the issue is the modification of educational expenses.

**2.** We also caution that child support can be significantly reduced while the child is still in college. *See* Ind.Code § 31–16–6–2(b) (pro-

viding that "the court shall reduce other child support for that child that: (1) is duplicated by the educational support order; and (2) would otherwise be paid to the custodial parent").

### III.  Income Calculation

James asserts that the trial court abused its discretion in determining the respective income of the parties for the purposes of establishing child support and college expenses.  Specifically, James argues that the trial court's determination of the parties' respective incomes is clearly erroneous because the trial court neither explained how it determined the parties' incomes nor adopted the child support worksheets of either party.  In addition, James asserts that the trial court erred in its consideration of reasonable and ordinary business expenses relative to his income.  Finally, James contends that the trial court erred in not entering a retroactive child support order dating back to the filing of his petition to modify.

■ To determine whether a child support order complies with the child support guidelines, we must first know the basis for the amount awarded.  *Heiligenstein v. Matney,* 691 N.E.2d 1297, 1303 (Ind.Ct. App.1998).  "Such revelation could be accomplished either by specific findings or by incorporation a proper worksheet."  *Id.*

As stated earlier, the trial court made sua sponte findings.  Findings relevant to the trial court's determination of the parties' income included:

6.  Petitioner and Respondent disagree as to what Petitioner's weekly income is.  Respondent indicates that Petitioner averages $1,219.95 from her employment as a nurse.  In fact, Respondent contends that the information provided to him by Petitioner shows that she was making in excess of $1,500.00 per week.  Respondent also points out that Petitioner is an attorney, even though she has not maintained her license and has not practiced.  Respondent believes Petitioner's income is understated.

7.  Petitioner counters that she has obtained employment in a nursing home

facility and that her health has not improved since the Decree.  In fact, she was recently diagnosed with rheumatoid arthritis.

8.  Petitioner is no longer able to work week days and her overtime has been cut.  She does continue to work weekends, in part, because she receives a shift differential.

9.  Petitioner claims her earning ability is $1,000.00 per week.

10.  Respondent has indicated on his worksheet that his weekly income is $3,116.00 per week.

11.  Petitioner contends that there are add-backs that are appropriate under the Indiana Child Support Guidelines and Petitioner calculates Respondent's income as follows:  ... Gross Weekly Income: $5,848.67.

12.  Respondent further argues that a review of the depreciation schedule shows that Respondent did not in fact have any depreciation that year and that the tax return was a reflection of previous years [sic] accumulated appreciation.

13.  The Court having reviewed both Findings of Fact and the exhibits, now determines that Petitioner's income for support purposes shall be $1,110.00 per week.  Respondent's income shall be $4,520.00 per week for support purposes.

Appellant's App. p. 38–39.  The trial court applied these findings to a child support worksheet and ordered Jane to pay $121.60 per week in child support.  *Id.* at 43.

■ Here, James testified that his weekly income was $3,116, but acknowledged that that amount was significantly less than the reported income on his tax return.  Tr. p. 23, 33.  Jane testified that she had a tentative diagnosis of rheumatoid arthritis and that she could no longer work any overtime because of her health

conditions, and claimed that her weekly income for child support purposes should be $1,000. *Id.* at 52–53. Furthermore, James's tax returns for himself and his medical practice and Jane's pay records were submitted into evidence. In light of these circumstances, we cannot say that the record does not support the trial court's findings. Moreover, because the trial court applied the parties' income to its own child support worksheet, the findings support the trial court's judgment.

■ Next, James argues that the trial court erred in its consideration of ordinary and necessary expenses based upon the trial court's consideration of certain "add backs" to his income. Appellant's Br. p. 18. James is the shareholder of a wholly-owned subchapter S corporation, Castleton Pediatrics, Inc., and claims that the trial court improperly added to his income certain deductions for depreciation and shareholder health insurance. James maintains that the depreciation was taken over time, and therefore should not have been considered for child support purposes.

In *Glass v. Oeder*, 716 N.E.2d 413 (Ind. 1999), our Supreme Court addressed the impact of ordinary and necessary business expenses, and, specifically, the impact of depreciation on shareholders of wholly-owned subchapter S corporations. In *Glass*, our Supreme Court recognized that the income for shareholders is to be determined by subtracting ordinary and necessary business expenses from gross receipts, but determined that "depreciation, although properly calculated for tax purposes, may be overstated for purposes of determining income to measure child support." *Id.* at 416–17. The Court reasoned that some major capital expenses occur irregularly and infrequently while others may be more frequent and predictable and that the goal of the trial court is to smooth the "year to year impact of capital outlays

by allowing for a reasonable accrual-like process for anticipated capital expenditures but does not allow depreciation as such." *Id.* at 417. Therefore, based on *Glass*, the trial court had the authority to consider James's accumulated depreciation.

■ As for the trial court's consideration of the shareholder health insurance deduction, Indiana Child Support Guideline 3(A)(2) provides that "[i]n general, these types of income and expenses from . . . operation of a business should be carefully reviewed to restrict the deductions to reasonable out-of-pocket expenditures necessary to produce income." Thus, it was within the trial court's discretion to conclude that expenditures for health insurance are not necessary to produce income.

Finally, James argues that the trial court erred in not entering a retroactive child support order dating back to the filing of James's petition to modify. In *Becker v. Becker*, this court stated:

> It is within a trial court's discretion to make a modification of child support relate back to the date the petition to modify is filed, or any date thereafter. We will reverse a decision regarding retroactivity only for an abuse of discretion or if the trial court's determination is contrary to law. However, modifications normally speak only prospectively.

891 N.E.2d 1114, 1115 (Ind.Ct.App.2008) (internal citations and quotations omitted).

■ Here, Jane testified that she did not have the resources to pay retroactive child support. Tr. p. 61. In light of this evidence and the fact that modifications usually apply only prospectively, we cannot say the trial court abused its discretion in not ordering retroactive child support.

### IV. Attorney Fees

 James argues that the trial court abused its discretion by awarding Jane her attorney fees. Indiana Code section 31–15–10–1(a) grants a court the authority to order a party to pay the other party's reasonable attorney fees. When determining whether to award attorney fees, a trial court "*must* consider such factors as the resources of the parties, the relative earning ability of the parties, and other factors, which bear on the reasonableness of the award." *Bertholet v. Bertholet* 725 N.E.2d 487, 501 (Ind.Ct.App. 2000) (emphasis in original). We will review at trial court's award of attorney fees for an abuse of discretion. *Mitchell v. Mitchell,* 695 N.E.2d 920, 924 (Ind.1998). Moreover, a trial court is not required to give reasons for its determination. *Schacht v. Schacht,* 892 N.E.2d 1271, 1280 (Ind.Ct.App.2008).

In the instant case, the trial court conducted an evidentiary hearing and admitted extensive evidence as to the parties' incomes and earning abilities. The trial court determined that James's income was $4520 per week, while Jane's was $1,110 per week. Furthermore, accurately assessing and presenting James's income was a complicated and time-consuming legal task resulting in Jane incurring more legal fees. Moreover, James's attorney testified that because he and James were friends, he had discounted his fees. Tr. p. 45. The record reflects that James had incurred $2,421.04 in legal fees and Jane had incurred $4,534.87 in legal fees at the time of the hearing. In light of all the circumstances, we cannot say that the trial court abused its discretion in awarding Jane $3,284.87 in attorney fees.[3]

---

**3.** James has also challenged the award of appellate attorney fees. However, this issue is not properly before us because the trial court has not ordered James to pay Jane's appellate attorney fees.

The judgment of the trial court is affirmed in part and reversed and remanded in part with instructions for the trial court to calculate Jane's portion of the children's college expenses and enter an order consistent with this finding.

NAJAM, J., and KIRSCH, J., concur.