## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jul 07 2015, 9:50 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Octavia Florence Snulligan
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Roberta L. Ross
Ross & Brunner
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Peter D. Nugent,

*Appellant-Petitioner,*

v.

Phyllis N. Nugent,

*Appellee-Respondent*

July 7, 2015

Court of Appeals Case No.
49A04-1410-DR-466

Appeal from the Marion Superior Court.
The Honorable David Dreyer, Judge.
Cause No. 49D10-1009-DR-40005

**Baker, Judge.**

[1] Peter Nugent (Father) appeals the trial court's order denying his petition to modify his child support obligation for his remaining minor child with Phyllis Nugent (Mother) and awarding Mother attorney fees in the amount of $3,000. Finding no error, we affirm.

## Facts

[2] Father and Mother were married on June 30, 1990. Two children were born of the marriage: A.N., born June 29, 1993, and M.N., born February 12, 1996. The parties' marriage was dissolved on April 15, 2011, and pursuant to their dissolution decree, Father was to pay weekly child support in the amount of $232.55. Appellant's App. p. 17.

[3] Father is a self-employed attorney who earns additional income by working as a staff attorney for the Legislative Services Agency and by receipt of an annual payout from a family-owned business. Mother is a probation officer who was employed part-time, at thirty-two hours per week, until 2014, when she became a full-time employee working forty hours per week.

[4] On June 12, 2012, Father filed a petition to emancipate A.N. and to modify his child support obligation.[1] A.N. was emancipated as a matter of law when she turned nineteen on June 29, 2012. These proceedings were continued eleven

---

[1] The petition is not included in the record on appeal. We direct counsel's attention to Indiana Rule of Appellate Procedure 50(A)(f), which requires that the appendix contain pleadings and other documents necessary for resolution of the issues raised on appeal.

times—three at Mother's request, five at Father's request, and three at the trial court's request. An evidentiary hearing was finally held on March 21 and April 11, 2014. Father requested that the trial court enter findings of fact and conclusions thereon pursuant to Indiana Trial Rule 52.[2] On July 17, 2014, the trial court issued its order denying Father's petition to modify.[3] In pertinent part, the trial court found and concluded as follows:

34. . . . Father's income in 2011 was $3,022.67 per week. In 2012, Father's income was $2,644.57 a week. There is insufficient information to determine Father's income for 2013 but by averaging his income in the two other years where he was working the Legislature and receiving the [annual family business] distribution, the court can income average for 2013 and forward. Father's decision to not submit any tax return or other verification and the wholly unsubstantiated exhibit Father prepared handicaps the court. In addition, Father withheld any information about his [annual family business] distribution. Third, Father chose to not work for the Indiana Legislature for only 2013. By the time of the hearing in March and April 2014, Father was again working for the Legislature.

35. Mother's income for 2011 was $767.46 per week. For 2012, Mother's income was $770.71 and for 2013 $774.30. Going forward, beginning in 2014, Mother will earn $1,090.82.

***

38. Taking Father's income, minus reasonable expenses, and including the income from the [family business] the Court finds

---

[2] Father has not included his proposed findings of fact and conclusions of law submitted to the trial court in the record on appeal.

[3] While this order—the order being appealed from—is appended to the back of the appellant's brief, it is not included in the Appendix. We direct counsel's attention to Indiana Rule of Appellate Procedure 50(A)(2)(b), which requires that the order being appealed from be included in the appendix. We will cite to this order with consecutive pagination in the appellant's brief.

Father's gross income for 2013 to be $143,156, for a weekly income of $2,753.00.

39. Going forward, Mother's income is set by Marion County and is $1,090.82 per week.

40. There is already a college plan in place for the daughter who is emancipated and said college plan shall remain in full effect.

41. Mother is seeking payment of her attorney fees for defending this action.

42. The court has broad discretion, based upon I.C. 31-15-10-1 to determine who should be responsible for fees.

43. The court finds it appropriate to order Father to pay Mother's attorney fees in the amount of Six Thousand Dollars ($6,000.00) . . . within thirty (30) days. . . .

***

47. As none of the figures for any of the years reaches a Twenty percent (20%) change in support, no support modification is appropriate.

Appellant's Br. p. 25-30. The trial court ordered that Father's child support obligation with respect to A.N. ceased as of July 5, 2012, with his responsibility for her secondary school expenses remaining as set forth in the dissolution decree. It found that "there is not a Twenty Percent (20%) change in the amount of support owed by [F]ather to Mother" and denied his petition to modify. Finally, the trial court ordered Father to pay Mother's attorney fees in the amount of $3,000.[4] Father now appeals.

[4] There is no explanation in the order for the variance between the $6,000 noted in the findings of fact and the $3,000 ordered at the end of the order.

# Discussion and Decision

## I. Standard of Review

Where, as here, the trial court has entered special findings and conclusions thereon pursuant to Indiana Trial Rule 52, our standard of review is well settled:

> "First, we determine whether the evidence supports the findings and second, whether the findings support the judgment. In deference to the trial court's proximity to the issues, we disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment. We do not reweigh the evidence, but consider only the evidence favorable to the trial court's judgment. Challengers must establish that the trial court's findings are clearly erroneous. Findings are clearly erroneous when a review of the record leaves us firmly convinced a mistake has been made. However, while we defer substantially to findings of fact, we do not do so to conclusions of law. Additionally, a judgment is clearly erroneous under Indiana Trial Rule 52 if it relies on an incorrect legal standard. We evaluate questions of law de novo and owe no deference to a trial court's determination of such questions."

*Kwolek v. Swickard,* 944 N.E.2d 564, 570 (Ind. Ct. App. 2011) (quoting *McCauley v. Harris*, 928 N.E.2d 309, 312 (Ind. Ct. App. 2010)).

We also observe that Father is appealing from the denial of his petition to modify, which is a negative judgment. Thus, we will reverse the decision only if the evidence is without conflict and all reasonable inferences to be drawn from the evidence lead to a conclusion other than that reached by the trial court. *Capital Drywall Supply, Inc. v. Jai Jagdish, Inc.,* 934 N.E.2d 1193, 1199 (Ind. Ct. App. 2010).

# II. Modification of Child Support

[7] Father contends that the trial court erred by denying his petition to modify his child support obligation. Modification of a child support order is governed by Indiana Code section 31–16–8–1(b), which provides as follows:

> (b) Except as provided in section 2 of this chapter, modification may be made only:
>
> (1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or
>
> (2) upon a showing that:
>
> (A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and
>
> (B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.

In this case, as noted above, Father has not included his petition to modify in the record on appeal. Therefore, we are unable to discern whether he sought modification based upon a showing of changed circumstances or based upon a 20% variance. His brief on appeal sheds no light on the issue.

[8] Similarly, Father's brief on appeal does not set forth the amount he believes he *should* be ordered to pay in child support. Moreover, the record on appeal does not contain an updated Child Support Order Worksheet setting forth the figures and calculations he contends are correct, nor does it contain his proposed findings of fact and conclusions thereon submitted to the trial court. Without

this information or his petition to modify, we cannot determine the figure he believes to be appropriate. We will not endeavor to do his math for him.

[9] Father's income has not changed substantially since the dissolution decree was entered in 2011. He is still a self-employed attorney, he still works for the Legislative Services Agency (with the exception of one year when he chose not to do so), and he still receives an annual payout from a family business for which he does not work. While the income amounts from these sources vary slightly from year to year, there is nothing that has changed substantially since 2011.[5]

[10] The Child Support Order Worksheet supporting Father's child support obligation in the dissolution decree lists Mother's weekly income as $1,035 in 2010. Appellant's App. p. 27. There is some question about the accuracy of that figure—it may have been too high. Regardless, that is the figure that was used to arrive at Father's weekly support obligation of $232.55. In 2014, her weekly income was $1,090.82—slightly higher than the figure used in the dissolution decree, but not by a substantial amount.

---

[5] We also note that the primary evidence supporting Father's calculation of his own income is two pages of his own typed notes, with no substantiation of the figures included therein. The trial court was well within its discretion to discount this evidence. Additionally, Father made much of the fact that Mother's attorney did not request certain income information from him as part of discovery. Inasmuch as it was *his* petition to modify being considered by the trial court, it was *his* burden to provide the relevant documents to support his case. He failed to do so. Indeed, the only verified documents put into evidence about Father's income were two of his tax returns, which were *admitted into evidence by Mother*.

The parties do not dispute the number of overnights credited to Father or the amount that Mother pays for M.N.'s health and dental insurance. Given that there has not been a significant change in either party's income since the dissolution decree was entered in 2011, there is no basis to conclude that there was a substantial and continuing change in circumstances or that the amount of child support deviated from the Guidelines by more than 20%. Therefore, we find that the trial court did not err by denying Father's petition to modify his child support obligation with respect to M.N.

## III. Attorney Fees

Finally, we address Father's claim that the trial court erred in ordering him to pay $3,000.00 in attorney fees to Mother. The trial court ordered the payment of fees pursuant to Indiana Code section 31-15-10-1. "When determining whether to award attorney's fees, a trial court 'must consider such factors as the resources of the parties, the relative earning ability of the parties, and other factors, which bear on the reasonableness of the award." *Connolly v. Connolly*, 952 N.E.2d 203, 208 (Ind. Ct. App. 2011) (quoting *Walters v. Walters*, 901 N.E.2d 508, 515 (Ind. Ct. App. 2009)). This Court has held that "a trial court is not required to give reasons for its determination" and that it need not explicitly weigh the factors set forth above. *Id.* at 209.

In this case, the trial court implicitly weighed the parties' resources and relative earning ability, as well as other factors, such as Father's annual payout from his family business and recent money gained from selling his home. Indeed, much

of its order discussed precisely those issues. Wife requested $6,000 in attorney fees, and the trial court elected to order Father to pay half of her requested amount. We cannot say that the trial court abused its discretion when it ordered Father to pay a portion of Mother's attorney fees.[6] *See id.* (upholding attorney fee award where trial court did not explicitly weigh factors but took judicial notice of prior orders in the divorce cause, which incorporated those factors, and affirming order that wife pay a portion of husband's attorney fees).

[14] The judgment of the trial court is affirmed.

Najam, J., and Friedlander, J., concur.

---

[6] Although Father makes much of a scrivener's error contained in the document supporting Mother's attorney fee request, we can only find that the award of $3,000 was well within the scope of the evidence presented to the trial court.