## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 17 2017, 9:25 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy Logan
Benson, Pantello, Morris, James &
Logan, LLP
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

Michael H. Michmerhuizen
Barrett McNagny LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re: The Paternity of
M.B. *(Minor Child)*,

By Next Friend,
Briana L. (Wedding) Murawski,

*Appellant-Petitioner,*

v.

Seth Logan Boyd,

*Appellee-Respondent.*

November 17, 2017

Court of Appeals Case No.
90A04-1704-JP-942

Appeal from the Wells Circuit
Court

The Honorable Kenton W.
Kiracofe, Judge

Trial Court Cause No.
90C01-1208-JP-41

**Robb, Judge.**

# Case Summary and Issues

[1] Briana Murawski ("Mother") and Seth Boyd ("Father") are the parents of M.B. Mother appeals from the trial court's order denying her motion to modify custody, parenting time, and child support and ordering her to pay Father's attorney's fees. Specifically, Mother raises two issues for our review, which we restate as: whether the trial court abused its discretion in 1) denying Mother's motion to modify parenting time; and 2) ordering Mother to pay a portion of Father's attorney's fees. Concluding the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History

[2] Father and Mother (collectively, "Parents") have one child, M.B., who was born in 2011. The trial court entered an order regarding the paternity, custody, parenting time, and support of M.B. on December 10, 2012. Pursuant to that order, Mother was awarded primary physical custody and the Parents were granted joint legal custody. The court also adopted Father's proposed parenting time schedule:

| Mon. | Tue. | Wed. | Thur. | Fri. | Sat. | Sun. |
|---|---|---|---|---|---|---|
| Father – to 6:30 pm | Mother | Mother – to 6:30 pm | Father | Father – to 6:30 pm | Mother | Mother |
| Mother – to 6:30 pm | Father | Father – to 6:30 pm | Mother | Mother – to 6:30 pm | Father | Father |

[3] Since the 2012 order, both Parents have relocated, now living about one-half hour apart. Mother has married and has a daughter with her husband. While Mother formerly worked fluctuating hours at Walgreens, she has since acquired full-time employment with the Indiana Department of Transportation and obtained health insurance. Father is engaged and living with the mother of their two children. He continues to work for his same employer but has transitioned from second shift to third shift, Sunday night through Friday morning.

[4] In 2015, M.B. began attending a pre-school Mondays, Wednesdays, and Fridays from 9:00 until 11:30 in the morning. The school is about ten minutes from Mother's home and thirty minutes from Father's home. Parents agreed that M.B. should attend the same school for elementary, and M.B. began kindergarten in the fall of 2017.

[5] On April 1, 2016, Mother filed a motion to modify custody, parenting time, and child support seeking to end shared parenting time and obtain sole legal custody, alleging that "continuous and substantial changes in circumstances" had rendered the physical custody arrangement no longer in the child's best interest. Corrected Appendix of the Appellant, Volume II at 58. On November 28, 2016, Mother filed a motion for emergency modification, claiming "since the date of the last court Order, the minor child has been placed in immediate or irreparable harm in the care of [Father]." *Id.* at 67. Among other things, Mother claimed that Father was not home with the child during parenting time, that Father sleeps in the car while the child is in preschool, and that due to

Father's inability to provide M.B. a set routine, she is often overly tired and has developed behavioral issues.

[6] Father filed a response, and the trial court held a hearing on Mother's pending motions on March 24, 2017. At the hearing, Mother clarified that she was no longer seeking sole legal custody and her request was only for parenting time pursuant to the Parenting Time Guidelines.

[7] On March 31, 2017, the court entered its order finding that Mother had failed to meet her burden and denied her motion for modification of custody, parenting time, and child support, as well as her motion for emergency modification. The court found that Father had incurred attorney's fees in the amount of $11,456.78, in relation to the motions filed by Mother, and ordered Mother to reimburse Father $8,600.00. Mother now appeals.

# Discussion and Decision

# I. Modification of Parenting Time

## A. Standard of Review

[8] Modifications of parenting time are reviewed for abuse of discretion. *Miller v. Carpenter*, 965 N.E.2d 104, 108 (Ind. Ct. App. 2012). We grant latitude and deference to our trial judges in family law matters. *Werner v. Werner,* 946 N.E.2d 1233, 1244 (Ind. Ct. App. 2011), *trans. denied*. We consider only the evidence favorable to the judgment and the inferences flowing therefrom. *Id.* We do not reweigh the evidence or assess witness credibility. *Id.*

The trial court entered findings of fact and conclusions thereon pursuant to Indiana Trial Rule 52(A). We apply a two-tiered standard of review to such cases. *Marion Cty. Auditor v. Sawmill Creek, LLC*, 964 N.E.2d 213, 216 (Ind. 2012). First, we determine whether the evidence supports the findings of fact and second, we determine whether the findings support the judgment. *In re Adoption of A.S.,* 912 N.E.2d 840, 851 (Ind. Ct. App. 2009), *trans. denied*. Indiana's appellate courts "shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." T.R. 52(A). "A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts." *Kondamuri v. Kondamuri,* 852 N.E.2d 939, 944 (Ind. Ct. App. 2006).

Where, as here, the findings and conclusions are entered sua sponte, "the specific findings control only as to the issues they cover, while a general judgment standard applies to any issue upon which the trial court has not found, and we may affirm a general judgment on any theory supported by the evidence adduced at trial." *Sexton v. Sedlak,* 946 N.E.2d 1177, 1183 (Ind. Ct. App. 2011), *trans. denied.*

## B. Modification of Parenting Time

Mother challenges the trial court's denial of her petition to modify parenting time arguing the court abused its discretion by applying an incorrect legal standard.

[12]     To begin, we note that Mother does not appeal the trial court's decision regarding custody. Mother withdrew her request to modify custody at the hearing. Therefore, the only question posed to the trial court was one of parenting time. The trial court made the following findings:

> 5.     Under Indiana law, the Court may not modify a child custody order unless the modification is in the best interest of the child; and, there is a substantial change in one (1) or more of the factors that the court may consider under I.C. 31-17-2-8. See I.C. 31-17-2-21.
>
> 6.     The Court finds that Mother has not met her burden and the Court now respectfully DENIES Mother's Motion to Modify Custody and Parenting Time, as well as the Motion for Emergency Modification of Parenting Time.

Corrected App. of Appellant, Vol. II at 16.

[13]     The trial court cited to Indiana Code section 31-17-2-21 ("dissolution custody modification statute"), which states the requirements to modify a child custody order following a dissolution. The statute states:

> (a) The court may not modify a child custody order unless:
>
> (1) the modification is in the best interests of the child; and
>
> (2) there is a substantial change in one (1) or more of the factors that the court may consider under section 8, and, if applicable, section 8.5 of this chapter.

Ind. Code § 31-17-2-21.

[14] Modifications of custody in the paternity context are actually governed by Indiana Code section 31-14-13-6 ("paternity custody modification statute"), but the substance of the two statutes are virtually identical.[1] Both the dissolution custody modification statute and the paternity custody modification statute point to other statutes enumerating factors that a court shall consider in determining the best interest of a child.[2] Those statutes, Indiana Code section 31-17-2-8 and Indiana Code section Indiana Code section 31-14-13-2, enumerate the same factors, with only one exception not applicable here.[3]

[15] However, as noted, the issue before the trial court was one of parenting time, not custody. Modifications of parenting time in the context of paternity, as here, are governed by Indiana Code section 31-14-14-2. The statute provides that, "The court may modify an order granting or denying parenting time rights whenever modification would serve the best interests of the child." *Id.* Thus, while modifications of custody require a showing of the best interests of the child *and* a substantial change, modifications of parenting time require only a

---

[1] Indiana Code section 31-14-13-6 states:

    (a) The court may not modify a child custody order unless:

      (1) the modification is in the best interests of the child; and

      (2) there is a substantial change in one (1) or more of the factors that the court may consider under section 2, and, if applicable, section 2.5 of this chapter.

[2] Indiana Code section 31-17-2-21 cites to Indiana Code section 31-17-2-8 while Indiana Code section 31-14-13-6 cites to Indiana Code section 31-14-13-2.

[3] Indiana Code section 31-14-13-2 does *not* consider the designation of a power of attorney. *See* Ind. Code § 31-17-2-8(9).

showing of the best interests of the child. *Miller v. Carpenter,* 965 N.E.2d 104, 110 (Ind. Ct. App. 2012).

[16] Mother contends that the trial court applied the standard for modification of custody to the issue of parenting time:

> [Mother] is not arguing that the court erred in weighing the evidence and drawing reasonable inferences *per se,* but rather that it erred in applying an incorrect standard to a controversy requiring "foremost consideration to the best interests of the child."

Corrected Appellant's Brief at 23.

[17] We agree that paragraphs 5 and 6 of the trial court's order must be read in conjunction and that the trial court did consider both a change in circumstances and the best interests of the child regarding a modification of parenting time. However, while parenting time is determined by a best interests of the child test, if there is no change in circumstances it is difficult to show that the child's best interests are no longer served by the original order. Here, Mother argues there is sufficient change to render a modification of parenting time in the best interests of the child because the child recently began attending school, she is older than when the existing parenting time was determined, and the distance between the parties has increased. Further, Mother alleges the current parenting schedule takes a physical toll on M.B., creating behavioral problems and leaving her "miserable" and "wearing her thin." Transcript, Volume II at 11-12, 44.

[18] We find sufficient evidence in the record to support the trial court's judgment. Because the trial court did not make any specific findings regarding parenting time, and none were requested, a general judgment standard applies. *Sexton,* 946 N.E.2d at 1183. Furthermore, the trial court's failure to make more detailed findings is not an indication that the court failed to carefully consider the evidence and correctly apply the law. *See Baxendale v. Raich*, 878 N.E.2d 1252, 1257-58 (Ind. 2008) (affirming the trial court's modification of custody where no specific findings were made but evidence in the record supported the trial court's decision).

[19] Mother has failed to demonstrate that a modification of parenting time is in the best interests of the child. In the interest of stability and consistency, the current parenting time schedule has been in place since December 2012, almost all of M.B.'s life, and the parties successfully adhered to the schedule while M.B. was in preschool three days a week. Father enjoys a good relationship with M.B. and when Father is not with the child, M.B. is with Father's fiancée. To the contrary, if the modification in parenting time was granted, M.B. would spend a significant amount of time with a babysitter while not in school. We therefore find a rational basis for the court's decision and there is no abuse of discretion. *See Meisberger v. Bishop*, 15 N.E.3d 653, 656 (Ind. Ct. App. 2014).

## II. Attorney's Fees

[20] Mother also challenges the trial court's order requiring her to pay $8,600.00 towards Father's attorney's fees. We review a decision to award attorney's fees

and the amount of any award for an abuse of discretion. *Allen v. Proksch*, 832 N.E.2d 1080, 1102 (Ind. Ct. App. 2005).

[21] Indiana Code section 31-14-18-2 permits a trial court to award attorney's fees in paternity actions. The statute provides:

> (a) The court may order a party to pay:
>
>> (1) a reasonable amount for the cost to the other party of maintaining an action under this article; and
>>
>> (2) a reasonable amount for attorney's fees, including amounts for legal services provided and costs incurred, before the commencement of the proceedings or after entry of judgment.

Ind. Code § 31-14-18-2.

[22] In determining such award, the trial court should consider the parties' resources, their economic conditions, their respective ability to earn adequate income through employment, and other factors that bear on the reasonableness of the award. *Gillette v. Gillette*, 835 N.E.2d 556, 564 (Ind. Ct. App. 2005). The trial court may also look to the responsibility of the parties in incurring the attorney's fees. *Mason v. Mason,* 775 N.E.2d 706, 711 (Ind. Ct. App. 2002), *trans. denied*. The trial court has broad discretion in awarding attorney's fees. *Barton v. Barton*, 47 N.E.3d 368, 377 (Ind. Ct. App. 2015), *trans. denied.* "We may reverse the trial court's decision only if it is clearly against the logic and

effect of the circumstances before the court." *Thompson v. Thompson,* 868 N.E.2d 862, 870 (Ind. Ct. App. 2007).

[23] The trial court made the following findings relevant to its grant of attorney's fees:

> 7. Court finds Father earns $914 per week and Mother earns $428 per week.
>
> 8. Father has two (2) subsequently born children and Mother has (1) subsequently born child.
>
> * * *
>
> 11. Father shall pay Mother child support for the benefit of the child in the amount of $56.00 per week . . . .
>
> * * *
>
> 14. Father incurred attorney fees in the amount of $11,456.78 in relation to the motions filed by Mother in this matter. The Court orders that Mother shall reimburse Father for $8,600.00 of said fees.

Corrected App. of Appellant, Vol. II at 16-17.

[24] Mother contends that the award was inappropriate due to the parties' disproportional income. On this basis alone, Mother argues, the award of $8,600.00 in attorney's fees is inappropriate.

We disagree. The record reveals ample evidence regarding the parties' financial conditions and we assume this information was considered when the court awarded attorney's fees. *Bessolo v. Rosario*, 966 N.E.2d 725, 733 (Ind. Ct. App. 2012), *trans. denied.* Although disparity in the parties' income is a foremost consideration in awarding attorney's fees, the trial court must also look to surrounding circumstances and evaluate a number of additional factors when arriving at its decision. *See Walters v. Walters,* 901 N.E.2d 508, 515 (Ind. Ct. App. 2009) (noting that a trial court "*must* consider [all] such factors . . . which bear on the reasonableness of the award").

Here, Father is the sole breadwinner in his family while Mother's husband earns an income in addition to income Mother earns herself. Father has two subsequent children and Mother has only one subsequent child. *See Matter of Paternity of A.J.R.,* 702 N.E.2d 355, 364 (Ind. Ct. App. 1998) (considering the parties' subsequent born children in determining reasonableness of attorney's fees award). Given these considerations and Mother's responsibility for the litigation, it was not an abuse of discretion to order Mother to pay a portion of Father's attorney's fees.

# Conclusion

For the reasons stated above, we affirm the trial court's denial of Mother's motion to modify parenting time and order that Mother pay attorney's fees.

Affirmed.

Riley, J., and Pyle, J., concur.